698 So.2d 1318 (1997)
The STATE of Florida, Petitioner,
v.
Samuel EMMUND, Respondent.
No. 97-1517.
District Court of Appeal of Florida, Third District.
September 10, 1997.
Katherine Fernandez Rundle, State Attorney, and Angelica D. Zayas, Assistant State Attorney; Robert A. Butterworth, Attorney General, for Petitioner.
Bennett H. Brummer, Public Defender, and Manuel Alvarez, Assistant Public Defender, for Respondent.
Before COPE, GREEN and SORONDO, JJ.
*1319 COPE, Judge.
By petition for a writ of certiorari, the State challenges an order in limine entered by the trial court. We deny the petition.
Defendant-respondent Samuel Emmund is charged with possession of a firearm by a violent career criminal in violation of section 790.235, Florida Statutes (1995).[1] Under the statute, to qualify as a violent career criminal the defendant must have prior convictions or adjudications of delinquency for three enumerated felonies, and must have previously been incarcerated in state or federal prison. See id. §§ 790.235(2), 775.084(1)(c). Defendant's prior record consists of armed robbery, carrying a concealed firearm, and car burglary. Conviction of possession of a firearm by a violent career criminal carries a mandatory minimum term of fifteen years' imprisonment. See Id. § 790.235(1).
The trial court entered an order in limine prohibiting the State from using the statutory term, "violent career criminal." The court reasoned that referring to defendant as a violent career criminal would paint a misleading picture of defendant's prior record and unfairly prejudice the right to a fair trial. The court ruled that the State could inform the jury of defendant's actual prior convictions. The State has petitioned for a writ of certiorari.
The term "violent career criminal" is a term of art under sections 790.235 and 775.084(1)(c), Florida Statutes. Although "career" implies a lifetime of crime, in reality the defendant qualifies as a violent career criminal if he has committed three prior enumerated felonies, and in making this showing, the State can rely on prior juvenile adjudications. Similarly, the term "violent" suggests to the jury that violencethe use of force against the personwas a part of each of the defendant's prior qualifying offenses, but that is not necessarily so under this statute. The statutory definition, see id. § 775.084(1)(c), includes many offenses that most definitely involve violence, but others, such as possessory firearm offenses, do not entail violence as the average juror would understand it. In the present case, the defendant's prior record consists of armed robbery, a violent offense; carrying a concealed firearm, which would not conform to the average person's understanding of a violent offense; and car burglary, which depending on the circumstances, might or might not be what is commonly understood as a violent offense.[2] The trial court ruled:
Although the court is prohibiting the State from referring to the defendant as a "violent career criminal", the State can proceed with its prosecution of the defendant under section 790.235. The crime can *1320 be referred to by the State as "unlawful possession of a firearm by an individual who meets certain specific statutory criteria", or "unlawful possession of a firearm by a thrice convicted felon", or some other label which does not include the prohibited terms.
3. The Court's concern in entering this order is that it will not be possible for the defendant to receive a fair trial if he is referred to in front of the jury as a "violent career criminal"....
The Third District Court of Appeal observed in Lowder v. State, 589 So.2d 933, 935 (Fla. 3d DCA 1991):
"On the second point, we hold that every defendant has the right to be tried based on the evidence against him, not on the characteristics or conduct of certain classes of criminals in general. Florida courts have frequently criticized the use of testimony from police officers regarding their experience with other criminals as substantive proof of a particular defendant's guilt or innocence."
4. The problem is not only one of excluding evidence under Fla. Stat. § 90.403 but is also more fundamentally one of providing the defendant a fair trial under the due process clauses of the federal and state constitutions. The court recognizes that it is the Legislature of the State of Florida which is calling the defendant a "violent career criminal" rather than an individual prosecutor. This makes very little difference to the defendant's right to a fair trial. It is difficult to conceive that a jury will not far more easily believe that a defendant possessed a firearm if the jury hears that he is a "violent career criminal." The State of Florida has a right under its information to prove to this jury that the defendant has been convicted of an armed robbery, carrying a concealed firearm and a car burglary. But proving those three convictions is far different from telling the jury that this defendant is a "violent career criminal."
5. This order should in no way interfere with the State's ability to prove its case or proceed with prosecution of the defendant, but will deprive [the] State of an unfair ... advantage over the defendant mandated by the Legislature. If the defendant is convicted, he can be sentenced under section 790.235
Order at 1-4 (footnote omitted).[3]
The problem that is now before us is an uncommon one because statutory titles and definitions are usually phrased in a reasonably neutral manner. Here the statutory terminology creates the potential for jury confusion and unfair prejudice, as well as the risk that the defendant's prior record will become a feature of the case. The real issue to be adjudicated in the trial court is whether the defendant was in possession of a firearm on March 12, 1996. There is no significant controversy about the defendant's prior record or about the fact that the defendant qualifies under section 790.235. The focus of the case should remain on the facts that are actually in dispute: whether the defendant possessed the firearm on the date charged. We conclude that the trial court's ruling was within the bounds of sound discretion and did not depart from the essential requirements of law.
Certiorari denied.
NOTES
[1] The statute provides:

790.235 Possession of firearm by violent career criminal unlawful; penalty.
(1) Any person who meets the violent career criminal criteria under s. 775.084(1)(c), regardless of whether such person is or has previously been sentenced as a violent career criminal, who owns or has in his or her care, custody, possession, or control any firearm or electric weapon or device, or carries a concealed weapon, including a tear gas gun or chemical weapon or device, commits a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. A person convicted of a violation of this section shall be sentenced to a mandatory minimum of 15 years' imprisonment; however, if the person would be sentenced to a longer term of imprisonment under s. 775.084(4)(c), the person must be sentenced under that provision. A person convicted of a violation of this section is not eligible for any form of discretionary early release, other than pardon, executive clemency, or conditional medical release under s. 947.149.
(2) For purposes of this section, the previous felony convictions necessary to meet the violent career criminal criteria under s. 775.084(1)(c) may be convictions for felonies committed as an adult or adjudications of delinquency for felonies committed as a juvenile. In order to be counted as a prior felony for purposes of this section, the felony must have resulted in a conviction sentenced separately, or an adjudication of delinquency entered separately, prior to the current offense, and sentenced or adjudicated separately from any other felony that is to be counted as a prior felony.
(3) This section shall not apply to a person whose civil rights and firearm authority have been restored.
[2] The definition of "violent career criminal" includes "[a]ny forcible felony, as described in s. 776.08 ...." § 775.084(1)(c), Fla. Stat. (1995). Under section 776.08, "forcible felony" includes burglary. Depending on the circumstances, burglary may or may not involve violence, or the threat of violence, against a person. See § 810.02, Fla. Stat.
[3] The portion of the order allowing the State to introduce the specific prior convictions is also consistent with Williams v. State, 492 So.2d 1051, 1052-53 (Fla.1986) (allowing the State to "introduce the particulars of a prior conviction when the prior conviction is an essential element of the crime charged unless its probative value is substantially outweighed the danger of unfair prejudice, confusion of the issues, misleading the jury, or needless presentation of cumulative evidence") (citation omitted), and Parker v. State, 408 So.2d 1037, 1038 (Fla.1982) (same).