WELLS, Justice.
The Florida Supreme Court Committee on Standard Jury Instructions in Civil Cases (the Committee) recommends that The Florida Bar be authorized to publish the following addition to the Florida Standard Jury Instructions (Civil): MI 11, Civil Theft (Fla. Stat. § 772.11).
These new instructions are appended to this opinion and were published on November 15, 1997, in The Florida Bar News. The Committee specifically sought input from the Florida Defense Lawyers’ Association and from the Academy of Florida Trial Lawyers. No comments were received by the Committee.
These instructions were approved by the Committee after consideration at meetings and comprehensive review of applicable decisions and numerous revisions.
We authorize the publication of the appended instructions. In doing so we express no opinion on the correctness of these instructions and remind all interested parties that this approval forecloses neither requesting additional or alternative instructions nor contesting their legal correctness. The revised instructions will be effective on the date this opinion is filed.
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGAN, ANSTEAD and PARIENTE, JJ., concur.
APPENDIX
MI 11
CIVIL THEFT (FLA.STAT. § 772.11)

a.Violation of Florida Statutes § 812.01U (Theft)

On (claimant’s) claim for civil theft, the issues for your determination are:
First, whether (defendant) obtained or used [or attempted to obtain or use] the property of (claimant); and, if so,
Second, whether (defendant) did so with criminal intent; that is, with the intent
[to deprive (claimant), either temporarily or permanently, of a [superi- or] * right to the property or a benefit from it] [or]

* Note On Use

The bracketed word “superior” should be used when there is evidence that the defendant took the property pursuant to a claim of right.
[to appropriate, either temporarily or permanently, the property to the use of any person not entitled to it];
and, if so,
Third, whether (defendant’s) actions injured (claimant) in any fashion.

b. Violation of Florida Statutes § 812.016 (Possession of altered property)

On (claimant’s) claim for civil theft, the issues for your determination are:
First, whether (defendant) was in the business of buying and selling property; and
Second, whether (defendant) was in possession of property which [he][she] knew, or should have known, had identifying features which had been removed or altered without the consent of the manufacturer; and, if so,
Third, whether (defendant’s) actions injured (claimant) in any fashion.
c. Violation of Florida Statutes § 812.019 (Dealing in stolen property)
On (claimant’s) claim for civil theft, the issues for your determination are:
First, whether (defendant) [trafficked] [attempted to traffic] in property; and
Second, whether (defendant) knew or should have known the property was stolen; and, if so,
*1079 Third, whether (defendant’s) actions injured (claimant) in any fashion.
To “traffic” means to: 1) sell or otherwise dispose of property or, 2) obtain property with the intent to sell or otherwise dispose of it.

Note on Use

The committee does not recommend a separate jury instruction for Fla. Stat. § 812.019(2) (organizing) because trafficking is an element of § 812.019(2). If the need arises, the court should fashion a modified instruction for § 812.019(2).

d. Burden of proof on claim

If clear and convincing evidence does not support the claim of (claimant), your verdict should be for (defendant). However, if clear and convincing evidence does support the claim of (claimant), then your verdict should be for (claimant) and against (defendant). [“Clear and convincing evidence” differs from the “greater weight of the evidence” in that it is more compelling and persuasive]. “Clear and convincing evidence” is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction without hesitation about the matter in issue.

e. Damages

If you find for (defendant) you will not consider the matter of damages. But if you find for (claimant), you should award (claimant) an amount of money, if any, that the clear and convincing evidence shows are the actual damages sustained by (claimant). *
* The court may wish to describe the appropriate elements of those damages.
NOTES ON USE
1. The court should make the determination as to the amount of attorney’s fees and interest to be assessed and included in any judgment. Mid-Continent Casualty Co. v. Giuliano, 166 So.2d 443 (Fla.1964).
2. Under the provisions of Fla. Stat. § 772.11 plaintiff may recover, upon proper proof, three times the actual damages sustained, or a minimum of $200.00, and reasonable attorney’s fees. The jury should be directed to determine the actual damages and the court should apply the statutory formula after verdict. McArthur Dairy, Inc. v. Original Kielbs, Inc., 481 So.2d 535 (Fla. 3d DCA 1986).
COMMENT
In requiring in MI lie that the amount of damages be established by clear and convincing evidence, the committee has given effect to Starr Tyme, Inc. v. Cohen, 659 So.2d 1064 (Fla.1995), and Haddad v. Cura, 674 So.2d 168 (Fla. 3d DCA 1996), since they are the only decisions addressing the issue.