730 So.2d 831 (1999)
Gabriel RIOS, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-2428.
District Court of Appeal of Florida, Third District.
April 14, 1999.
*832 Bennett H. Brummer, Public Defender, and May L. Cain, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Alison B. Cutler, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and SHEVIN and SORONDO, JJ.
PER CURIAM.
Gabriel Rios (defendant) appeals from his convictions for carrying a concealed weapon by a violent career criminal, assault and battery. He contends that the trial court erred in denying his motions for judgment of acquittal as to all three counts.
The defendant was charged by amended information with: I) aggravated assault with a deadly weapon, to wit: a BB gun;[1] II) battery; and III) carrying a concealed weapon by a violent career criminal. The trial court granted a defense motion to sever count III and conducted two separate trials. The weapons charge was tried first. After considerable argument, defense counsel stipulated that the defendant qualified as a violent career criminal. The following stipulation was read to the jury: "On September 19, 1996, the defendant, Gabriel Rios met the criteria under the Florida law to be considered a violent career criminal, and was a convicted felon and his civil rights had not been restored."
In point of fact, the defendant was not a violent career criminal, a factor that the state ultimately conceded at sentencing. Although the defendant was not sentenced as a violent career criminal, the jury was told that he was and convicted him of carrying a concealed weapon as such based upon defense counsel's erroneous stipulation. We conclude that the entry of this stipulation constituted ineffective assistance of defense counsel.[2] We acknowledge that ineffective assistance of counsel is ordinarily not cognizable on direct appeal. This case falls within the limited exception to this general rule, as both the deficient performance of counsel and the prejudice to the defendant are apparent on the face of the record. See Blanco v. Wainwright, 507 So.2d 1377, 1384 (Fla.1987); Stewart v. State, 420 So.2d 862, 864 (Fla. 1982); Loren v. State, 601 So.2d 271, 272-73 (Fla. 1st DCA 1992). But for this stipulation, the defendant could not have been convicted of possession of a concealed weapon by a violent career criminal.
The state maintains that the evidence adduced at trial was sufficient to prove the *833 lesser included offense of carrying of a concealed weapon by a convicted felon, pursuant to section 790.23(1)(a), Florida Statutes (1995). We agree that substantial competent evidence was presented to sustain a jury verdict on this lesser included offense. See Dale v. State, 703 So.2d 1045, 1047 (Fla.1997)("[W]hether a BB or pellet gun is a deadly weaponi.e., whether it is `likely to produce death or great bodily injury'is a factual question to be answered by the jury in each case."); see also Mitchell v. State, 698 So.2d 555, 560-62 (Fla. 2d DCA), approved, 703 So.2d 1062 (Fla.1997).
However, this jury was erroneously, and repeatedly, informed that the defendant met the criteria under Florida law to be considered a violent career criminal. In State v. Emmund, 698 So.2d 1318 (Fla. 3d DCA 1997), the trial judge forbade the prosecution from referring to the defendant as a violent career criminal in the presence of the jury. This Court denied the state's petition for writ of certiorari seeking to quash the trial court's order, stating, "the statutory terminology [violent career criminal] creates the potential for jury confusion and unfair prejudice, as well as the risk that the defendant's prior record will become a feature of the case." Id. at 1320. We reached that conclusion in a case where the defendant was, in fact, a violent career criminal. In the present case the defendant is not a violent career criminal, but his jury was erroneously advised that he was. The prejudice in this case is therefor greater than the potential prejudice this Court sought to avoid in Emmund. Accordingly, we remand for a retrial on the matter rather than simply reducing the degree of the offense as we conclude that the defendant did not receive a fair trial in violation of his right to due process of law under Article I, Section 16 of the Florida Constitution.
The defendant also challenges the sufficiency of the evidence on the assault and battery counts. This position is without merit. See Williams v. State, 714 So.2d 462 (Fla. 3d DCA 1997), review denied, 717 So.2d 542 (Fla.1998).
Because we remand this case for a new trial on the charge of possession of a concealed weapon by a convicted felon, we do not reach the defendant's remaining arguments on appeal. However, we caution the trial court that the retrial must be conducted in a manner consistent with the procedures set forth in Brown v. State, 719 So.2d 882 (Fla.1998). We affirm the defendant's convictions and sentences for assault and battery. We reverse the conviction and sentence for possession of a concealed weapon by a violent career criminal and remand the matter for retrial on the lesser included offense of possession of a concealed weapon by a convicted felon.
Affirmed in part; reversed in part; and remanded for new trial.
NOTES
[1] Prior to trial the state acknowledged that the BB gun was not a firearm as defined in chapter 790, Florida Statutes.
[2] Defense counsel argued below that he was forced into this stipulation as a result of adverse pretrial rulings by the trial court. Regardless of the propriety or impropriety of the trial judge's rulings, we can conceive of no legitimate strategic purpose for entering into such a highly prejudicial and patently false stipulation. The appropriate action would have been to object to the perceived erroneous ruling in order to preserve the issue for appellate review.