777 So.2d 366 (2000)
STANDARD JURY INSTRUCTIONS-CRIMINAL CASES (99-2).
No. SC95832.
Supreme Court of Florida.
June 15, 2000.
Honorable Philip J. Padovano, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Tallahassee, Florida, for Petitioner.
Julianne M. Holt, Public Defender and John J. Skye, Assistant Public Defender, Thirteenth Judicial Circuit, Tampa, Florida; Michael J. Satz, State Attorney and Norman O'Rourke, Assistant State Attorney, Seventeenth Judicial Circuit, Fort Lauderdale, Florida; Curtis A. Golden, State Attorney and David E. Fleet, Assistant State Attorney, First Judicial Circuit, Shalimar, Florida; Jerry Hill, State Attorney, Tenth Judicial Circuit, Bartow, Florida; James Marion Moorman, Public Defender and Robert T. Connolly, Assistant Public Defender, Tenth Judicial Circuit, Bartow, Florida; Brad King, State Attorney, Fifth Judicial Circuit, Ocala, Florida; Bennett H. Brummer, Public Defender and John E. Morrison, Assistant Public Defender, Eleventh Judicial Circuit, Miami, Florida; James Russo, Public Defender and R. Blaise Trettis, Executive Assistant Public Defender, Eighteenth Judicial Circuit, Melbourne, Florida; and Arthur I. Jacobs, Fernandina Beach, Florida, Responding.
PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases has submitted to this Court proposed jury instructions and a verdict form for use in proceedings under the Jimmy Ryce Act. We have jurisdiction. See art. V, § 2(a), Fla. Const.

FACTS
The Jimmy Ryce Act provides for the civil commitment of "sexually violent predators"[1] after their criminal sentences *367 have expired. See §§ 394.910-.931, Fla. Stat. (1999). The committee published for comment proposed corresponding jury instructions and a verdict form in the February 15, 1999, edition of The Florida Bar News, and received several comments thereon. The committee made several changes before submitting its proposed instructions and form to this Court, so this Court republished for further comment in the August 1, 1999, edition of The Florida Bar News. This Court received several additional comments and ultimately held oral argument in this case.

DISCUSSION
Upon consideration, and with only slight alteration, we authorize for publication the instructions and form submitted by the committee. We address in turn below some of the most controversial matters that received extensive attention in both the comments and oral argument.

I. "SEXUALLY VIOLENT PREDATOR"
Perhaps the most contentious issue revolved around the term "sexually violent predator" itself, which is used throughout the proposed instructions and form. Several comments lamented that use of the term would be extremely inflammatory, prejudicial, and misleading, and would deprive Jimmy Ryce Act respondents of due process and a fair trial. We note, though, that the term is used throughout the Jimmy Ryce Act itself and, as urged at oral argument by Judge Philip J. Padovano of the First District Court of Appeal, Committee Chair:
This is an issue that was debated in the committee, and we ultimately concluded that it was necessary to use the term, at least in our view, because this is, really, the object of the proceeding, is to determine the status of an individual.... We are, in essence, determining a person's status as an individual, that is a status as a sexually violent predator. Unless the jury understands that that is their job, ... that that is the object, that that is the point of the proceeding, it seems to me that it would be difficult for the jury to grasp the significance of what responsibility it is charged with fulfilling.
Specifically addressing the concern that the term may be inflammatory, Judge Padovano continued:
It is an inflammatory term, but ... I think the harshness of the characterization might actually work to the benefit of the defense lawyers who object to it.... [T]he judge is not telling the jury that this person is a sexually violent predator. The judge is saying the state alleges this. Now, if we were to come up with some euphemism for the term, it might make it easier for the jury to find that [the person] might fit that categorization. It seems to me that we ought to really call it what it is.
We agree with Judge Padovano's reasoning, but caution that trial courts should not allow the term to become a feature of the trial. As phrased by Judge Padovano at oral argument:
[T]hat certainly is a point that we should exercise great caution about, and I would hope that it would be handled properly by trial judges, who have to maintain some decorum in these proceedings and not allow that to be used as the prosecutor referring to this man every five seconds as a sexually violent predator.... [We ought to] try to encourage trial judges to make sure that these [Jimmy Ryce Act proceedings] do not get carried away with character assassinations.
With that caveat in mind, we reject the suggestion to strike the term "sexually *368 violent predator" in favor of some alternative term throughout the proposed instructions and form.

II. "CLEAR AND CONVINCING EVIDENCE"
The Jimmy Ryce Act requires that "[t]he court or jury shall determine by clear and convincing evidence whether the person is a sexually violent predator." § 394.917(1), Fla. Stat. (1999). Several comments (and, indeed, a minority of the committee) criticized the committee's definition of "clear and convincing evidence" in proposed jury instruction 2.03 as "evidence that is precise, explicit, lacking in confusion, and of such weight that it produces in your mind a firm belief or conviction, without hesitation, about the matter in issue." The gist of these comments (and the committee's minority view) is that the proposed definition overstates the applicable burden of proof to a level equal to, or even higher than, the "beyond a reasonable doubt" standard.
We disagree, as the committee's proposed definition of "clear and convincing evidence" is consistent with established caselaw definitions of that term. See, e.g., In re Davey, 645 So.2d 398, 404 (Fla.1994); Slomowitz v. Walker, 429 So.2d 797, 800 (Fla. 4th DCA 1983). The only change we make is to strike the "in your mind" language in the committee's proposed definition in order to achieve more exacting conformity with the only other two jury instructions that define the term "clear and convincing evidence." See Fla. Std. Jury Instr. (Civ.) MI 4.1(c) (jury instruction for defamation) and MI 11(d) (jury instruction for civil theft). As rhetorically stated at oral argument by John J. Skye, Assistant Public Defender, "[w]hy in the world should we define clear and convincing evidence differently in Jimmy Ryce cases than any other case?" We agree with this sentiment, and decline the invitation in many of the comments to define the term differently here.

III. CONSEQUENCES OF JURORS' VOTES
A number of comments also criticized how the proposed instructions and form advise jurors of the consequences of their votes. Specifically, proposed jury instruction 2.08 advises jurors that their verdict must be unanimous before the respondent may be confined to a secure facility as a sexually violent predator; that if the verdict is not unanimous, but a majority determines that the respondent is a sexually violent predator, the case may be retried before another jury; and that if three or more jurors determine that the respondent is not proven to be a sexually violent predator, the respondent will not be confined to a secure facility and the case will not be retried before another jury. The proposed verdict form similarly reflects voting distinctions as well.
Several comments lamented that the underlying legislation can be fairly read as requiring a polling of the jury only after it is unable to reach a unanimous verdict and a mistrial is declared, not before the fact through the proposed instruction and form at issue here. See § 394.917(1), Fla. Stat. (1999).[2] However, as urged at oral argument by Judge Padovano:
We could simply give the jury a choice of saying "we unanimously find that the respondent is or unanimously find that the respondent is not [a sexually violent predator]," but that would not be accurate. There are ... [other lawful verdicts] authorized by the legislation itself.... [T]o suggest to a jury that they have to have a unanimous verdict *369 to return a lawful verdict ... is simply wrong, because if a jury were to return a verdict of 3-3, that would be a perfectly lawful verdict [in a Jimmy Ryce Act proceeding]. It would be a verdict authorized by legislation, and there is ... no reason why we ought to let jurors assume that they must decide this case [unanimously] when, in fact, according to the legislation, they need not.
. . . . .
... [N]ot to include these options in the jury instructions would be to lead jurors to believe that the only possibilities were ... yes or no [the respondent is or is not a sexually violent predator], and that is simply not correct, so that is why we put [the options] in there.
We again agree with Judge Padovano's reasoning, and reject the comments urging otherwise.
We also reject related comments like the one submitted by David E. Fleet, Assistant State Attorney, that under the proposed instruction and form at issue, "jurors will feel comfortable voting a majority for commitment, so as to avoid responsibility for the respondent's release, and avoiding responsibility for the respondent's commitment. The jury will, in effect, `pass the buck' to the next jury," thereby causing unnecessary retrials. We appreciate that concern, but trust that jurors in Jimmy Ryce Act proceedings will take their duty seriously and not jump at the opportunity of the "easy out" suggested by Mr. Fleet and others. However, we advise the committee to stay abreast of this situation, and will consider revisiting the matter at a later date if an inordinate number of Jimmy Ryce Act proceedings result in hung juries and retrials. For the time being, however, we make no changes to the proposed instruction and form at issue.

IV. SUBMITTING CASE TO JURY
Proposed jury instruction 2.08 addresses submission of the case to the jury and provides in pertinent part:
In closing, let me remind you that it is important that you follow the law spelled out in these instructions in deciding your verdict. There are no other laws that apply to this case. Even if you do not like the laws that must be applied, you must use them. For two centuries we have agreed to a constitution and to live by the law. No juror has the right to violate rules we all share.
(Emphasis added). In his comment to the Committee, Judge Isaac Anderson of the Twentieth Judicial Circuit Court suggests that the language emphasized above "should be changed to read ... `for two centuries we have lived by the constitution and the law....' The change is suggested simply to reflect that all of us were not considered in reaching that agreement; namely, enslaved African Americans and women."
We incorporate this suggested change into proposed jury instruction 2.08, and direct that it likewise be incorporated into existing Standard Criminal Jury Instruction 2.09 (General Instructions-Submitting Case to Jury), which uses the same language. We wish to recognize Judge Anderson for his sensitivity to the language used.

V. CONSTITUTIONALITY
Finally, we reject without discussion a number of changes suggested in the comments and at oral argument involving the constitutionality of the Jimmy Ryce Act and the proposed instructions and form that flow therefrom. The constitutionality of neither the act, the proposed instructions, nor the proposed form is presently before this Court, and we expressly decline to address any constitutional concerns.

CONCLUSION
In addition to the few changes discussed above, this Court has made several minor changes where needed in the proposed instructions and form. So modified, we hereby authorize the publication and use of the jury instructions and verdict form set *370 forth in the appendix attached to this opinion. We note that while Jimmy Ryce Act proceedings are civil in nature, it was the criminal jury instruction committee that prepared, submitted, and urged the instructions and form at issue here. Judge Padovano explained at oral argument that
we did this only because the [Jimmy Ryce Act] cases were building up and it didn't appear that anybody else was doing anything about it.... Our goal was simply to get something to the court for the court to look at. That is all. We have no interest in where you put it or what category [of jury instruction handbook (i.e., civil or criminal) ] it goes in.
We both appreciate and commend the committee for its initiative in this matter and, for the time being, allow publication of the subject instructions and form in the criminal jury instruction handbook. However, we direct the civil and criminal jury instruction committees to consider and discuss the issue, and advise this Court as to the best placement of these instructions and form.
In any event, by authorizing publication, we express no opinion on the correctness of the jury instructions and verdict form, and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions or forms nor contesting the legal correctness of these instructions and form. We further caution all interested persons that the notes and comments associated with the instructions reflect only the opinion of the committee and are not necessarily indicative of the views of this Court as to their correctness or applicability.
Our thanks to the committee and all the individuals who filed comments with this Court, especially those who participated in oral argument. The jury instructions and verdict form as set forth in the appendix shall be effective when this opinion becomes final. As all of the language is new, we forego the usual underlining and strike-through type format.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, LEWIS and QUINCE, JJ., concur.
PARIENTE, J., concurs in part and dissents in part with an opinion, in which ANSTEAD, J., concurs.
PARIENTE, J., concurring in part and dissenting in part.
I concur in the majority's opinion with the exception of the approval of the use of the term "sexually violent predator" throughout the jury instructions and in the jury verdict form. The majority acknowledges that the term "sexually violent predator" is inflammatory and it cautions the trial courts not to "allow the term to become a feature of the trial." Majority op. at 367. At the same time, however, the majority agrees with Judge Padavono's reasoning that although "sexually violent predator" is an "inflammatory term ... the harshness of the characterization might actually work to the benefit of the defense lawyers who object to it." Obviously the many attorneys who have opposed the inclusion of this term do not see its use as a benefit to their clients. Our concern should be focused on the fact that the term is inflammatory and that its use is unnecessary to properly instruct the jury.
"Sexually violent predator" is neither a legal nor a scientific term. Pursuant to section 394.917(1), Florida Statutes (1999), the State must prove that a particular individual meets the statutory criteria for commitment. The fact that the Legislature coined the phrase does not mean that it is necessary for courts to use that term in instructing the jury. As pointed out by the many comments from those who oppose the use of the term, the State's ability to prove its case will not be affected in any way by the exclusion of this terminology.
Therefore, I believe that the inflammatory statutory language should be excluded from the standard jury instructions for the reasons enunciated in State v. Emmund, *371 698 So.2d 1318, 1320 (Fla. 3rd DCA 1997) (approving trial court's order prohibiting the State from using the statutory term "violent career criminal"). As the Third District stated in Emmund,
The problem that is now before us is an uncommon one because statutory titles and definitions are usually phrased in a reasonably neutral manner. Here the statutory terminology creates the potential for jury confusion and unfair prejudice, as well as the risk that the defendant's prior record will become a feature of the case.
Id. Because the term "sexually violent predator" has an even greater potential to prejudice the defendant and confuse the jury, I cannot agree with the inclusion of this term in the jury instructions.
ANSTEAD, J., concurs.

APPENDIX

INVOLUNTARY CIVIL COMMITMENT OF SEXUALLY VIOLENT PREDATORS

§§ 394.910-394.930 Fla. Stat.

1.01

PRELIMINARY INSTRUCTION

Responsibility of jury and judge.
You have now been sworn as the jury to try this case. This is a civil case filed by the petitioner, the State of Florida, against the respondent (respondent's name). The State alleges the respondent is a sexually violent predator and should be confined in a secure facility for long-term control, care, and treatment. By your verdict, you will decide the disputed issues of fact. I will decide the questions of law that arise during the trial, and before you retire to deliberate at the close of the trial, I will instruct you on the law that you are to follow and apply in reaching your verdict. In other words, it is your responsibility to determine the facts and to apply the law to those facts. Thus, the function of the jury and the function of the judge are well defined, and they do not overlap. This is one of the fundamental principles of our system of justice.

Steps in trial.
Before proceeding further, it will be helpful for you to understand how a trial is conducted. In a few moments, the attorneys for the parties will have an opportunity to make opening statements, in which they may explain to you the issues in the case and summarize the facts that they expect the evidence will show. Following the opening statements, witnesses will be called to testify under oath. They will be examined and cross-examined by the attorneys. Documents and other exhibits also may be received as evidence.
After all the evidence has been received, the attorneys will again have an opportunity to address you to make their final arguments. The statements that the attorneys now make and the arguments that they later make are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you properly understand the issues, the evidence, and the applicable law, so you should give them your close attention.
Following the final arguments by the attorneys, I will instruct you on the law.

Things to be avoided.
You should give careful attention to the testimony and other evidence as it is received and presented for your consideration, but you should not form or express any opinion about the case until you have received all the evidence, the arguments of the attorneys, and the instructions on the law from me. In other words, you should not form or express any opinion about the case until you are retired to the jury room to consider your verdict, after having heard all of these matters.
*372 You must decide this case only on the evidence presented during the trial in your presence, and in the presence of the respondent, the attorneys and myself. You must not conduct any investigation of your own. Accordingly, you must not visit any of the places described in the evidence, or the scene of the occurrence that is the subject of the trial, unless I direct you to view the scene. Also, you must avoid reading newspaper headlines and articles relating to this case and trial. You must also avoid seeing or hearing television and radio comments or accounts of this trial while it is in progress.

Objections.
The attorneys are trained in the rules of evidence and trial procedure, and it is their duty to make all objections they feel are proper. When a lawyer makes an objection, the objection will either be overruled or sustained. If an objection is overruled, the witness will answer the question. If an objection is sustained or upheld, the witness cannot answer the question. If an objection is sustained, you must not speculate on what might have happened, or what the witness might have said, had the witness been permitted to answer the question. You should not draw any inference from the question itself.

The judge's conferences with attorneys.
During the trial, it may be necessary to confer with the attorneys out of your hearing to discuss matters of law and other matters that require consideration by me alone. It is impossible to predict when such a conference may be required or how long it will last. When such conferences occur, they will be conducted so as to consume as little of your time as is necessary for a fair and orderly trial of the case.

Recesses.
During the trial we will take recesses. During these recesses you shall not discuss the case among yourselves or with anyone else, nor permit anyone to say anything to you or in your presence about the case. Further, you must not talk with the attorneys, the witnesses, or any of the parties about anything, until your deliberations are finished. In this way, any appearance of something improper can be avoided.
If during a recess you see one of the attorneys and he or she does not speak to you, or even seem to pay attention to you, please understand that the attorney is not being discourteous but is only avoiding the appearance of some improper contact with you. If anyone tries to say something to you or in your presence about this case, tell that person that you are on the jury trying this case, and ask that person to stop. If he or she keeps on, leave at once and immediately report this to the bailiff or court deputy, who will advise me.
At this time, the attorneys for the parties will have an opportunity to make their opening statements, in which they may explain to you the issues in the case and give you a summary of the facts they expect the evidence will show.

Comment
This instruction is based upon Florida Standard Jury Instruction (Civil) 1.1 and Kansas jury instructions regarding the civil commitment of sexually violent predators.

1.02

CLOSING ARGUMENT

Both sides have now rested their case.
The attorneys will now present their final arguments. Please remember that what the attorneys say is not evidence. However, do listen closely to their arguments; they are intended to aid you in understanding the case.

*373 Comment
Derived from Florida Standard Jury Instruction (Criminal) 1.02, Closing Argument.

2.01

INTRODUCTORY INSTRUCTION
Members of the jury, I shall now instruct you on the law that you must follow in reaching your verdict. It is your duty as jurors to decide the issues, and only those issues, that I submit for determination by your verdict. In reaching your verdict, you should consider and weigh the evidence, decide the disputed issues of fact, and apply the law on which I shall instruct you, to the facts as you find them from the evidence.
The evidence in this case consists of the sworn testimony of the witnesses, all exhibits received in evidence, [and] [all facts that may be admitted or agreed to by the parties] [and] [any fact of which the court has taken judicial notice (explain as necessary ) ].
In determining the facts, you may draw reasonable inferences from the evidence. You may make deductions and reach conclusions which reason and common sense lead you to draw from the facts shown by the evidence in this case. But you should not speculate on any matters outside the evidence.

Comment
This instruction is based upon Florida Standard Jury Instruction (Civil) 2.1 and Kansas jury instructions regarding the civil commitment of sexually violent predators.

2.02

STATEMENT OF CASE
This is a civil case filed by the petitioner, the State of Florida, against the respondent, (respondent's name). The State alleges the respondent is a sexually violent predator and should be confined in a secure facility for long-term control, care, and treatment.
To prove the respondent, (respondent's name), is a sexually violent predator, the State must prove each of the following three elements by clear and convincing evidence:
a. (Respondent) has been convicted of a sexually violent offense; and,
b. (Respondent) suffers from a mental abnormality or personality disorder; and
c. The mental abnormality or personality disorder makes [him][her] likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment.
A sexually violent offense is: Read only those "sexually violent offenses" applicable based on the allegations of the petition and the evidence presented.
1. Murder while engaged in a sexual battery;
2. Kidnapping of a child under the age of 13, and in the course of that offense committing a sexual battery or a lewd, lascivious, or indecent assault or act upon or in the presence of the child;
3. False imprisonment upon a child under the age of 13, and in the course of that offense committing a sexual battery or a lewd, lascivious, or indecent assault or act upon or in the presence of the child;
4. Sexual battery;
5. A lewd, lascivious, or indecent assault or act upon or in the presence of the child;
6. [ ] If applicable, insert the name of the comparable other state or federal felony conviction which the state has proved. See § 394.912(9)(g) Fla. Stat.

*374 7. An attempt, conspiracy, or criminal solicitation of, or to commit a sexually violent offense.
8. Any criminal act that has been determined beyond a reasonable doubt to be sexually motivated. However, before you can find the crime was sexually motivated, the State must prove, beyond a reasonable doubt, that one of the purposes for which the person committed the crime was sexual gratification. If you have a reasonable doubt about whether or not the crime was sexually motivated, then you should find the act was not sexually motivated.
A reasonable doubt is not a mere possible doubt, a speculative, imaginary or forced doubt. Such a doubt must not influence you to find the crime was not sexually motivated if you have an abiding conviction that it was. On the other hand, if, after carefully considering, comparing and weighing all the evidence, there is not an abiding conviction that the act was sexually motivated, or, if, having a conviction, it is one which is not stable but one which wavers and vacillates, then it has not been proven beyond every reasonable doubt.
Whether a crime was sexually motivated may have been previously determined. See § 394.912(9)(h), Fla. Stat.
"Mental abnormality" means a mental condition affecting a person's emotional or volitional capacity which predisposes the person to commit sexually violent offenses.
"Likely to engage in acts of sexual violence" means a person's propensity to commit acts of sexual violence is of such a degree as to pose a menace to the health and safety of others.

Comment
This jury instruction is based upon the definitions found in sections 787.01, 787.02, 794.011, 800.04, 394.912, Florida.Statutes.; Chesebrough v. State, 255 So.2d 675 (Fla. 1971); Florida Standard Jury Instructions in Criminal Cases; and the Kansas jury instructions regarding the civil commitment of sexually violent predators.

2.03

BURDEN OF PROOF BY CLEAR AND CONVINCING EVIDENCE
Before the respondent, (respondent's name), can be confined in a secure facility, the State has the burden of proving, by clear and convincing evidence, that he is a sexually violent predator.
Clear and convincing evidence is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.

Comment
This instruction is based on Florida Standard Jury Instruction (Civil): MI 11 (civil theft). See Standard Jury Instructions Civil Cases, 720 So.2d 1077 (Fla. 1998).

2.04

WEIGHING THE EVIDENCE
It is up to you to decide what evidence is reliable. You should use your common sense in deciding which is the best evidence, and which evidence should not be relied upon in considering your verdict. You may find some of the evidence not reliable, or less reliable than other evidence.
You should consider how the witnesses acted, as well as what they said. Some things you should consider are:
1. Did the witness seem to have an opportunity to see and know the *375 things about which the witness testified?
2. Did the witness seem to have an accurate memory?
3. Was the witness honest and straightforward in answering the attorneys' questions?
4. Did the witness have some interest in how the case should be decided?
5. Does the witness's testimony agree with the other testimony and other evidence in the case?
6. Was the testimony of the witness reasonable when considered in the light of all the evidence in the case and in the light of your own experience and common sense?
(Give the following paragraphs only as required by the evidence.)
7. Has the witness been offered or received any money, preferred treatment or other benefit in order to get the witness to testify?
8. Had any pressure or threat been used against the witness that affected the truth of the witness's testimony?
9. Did the witness at some other time make a statement that is inconsistent with the testimony he gave in court?
10. Was it proved that the witness had been convicted of a felony or a crime involving dishonesty or false statement?
11. Was it proved that the general reputation of the witness for telling the truth and being honest was bad?
You may rely upon your own conclusion about the witness. A juror may believe or disbelieve all or any part of the evidence or the testimony of any witness.

2.05

EXPERT WITNESSES
[You have heard opinion testimony [on certain technical subjects] from [a person] [persons] referred to as [an] expert witness[es].] [Some of the testimony before you was in the form of opinions about certain technical subjects.]
You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case.

Comment
Based upon Florida Standard Jury Instruction (Civil) 2.2b, Expert Witnesses.

2.06

RULES FOR DELIBERATION
These are some general rules that apply to your discussion. You must follow these rules in order to return a lawful verdict:
1. You must follow the law as it is set out in these instructions. If you fail to follow the law, your verdict will be a miscarriage of justice. There is no reason for failing to follow the law in this case. All of us are depending upon you to make a wise and legal decision in this matter.
2. This case must be decided only upon the evidence that you have heard from the answers of the witnesses [and have seen in the form of the exhibits in evidence] and these instructions.
3. This case must not be decided for or against anyone because you feel sorry for anyone, or are angry at anyone.
4. Remember, the lawyers are not on trial. Your feelings about them should not influence your decision in this case.

*376 5. Your duty is to determine if the respondent has been proven to be a sexually violent predator. You have nothing whatever to do with the nature or length of the confinement in the event you find the State has proven its case against the respondent.
6. The respondent is entitled to the individual consideration and opinion of each of you.
7. It is entirely proper for a lawyer to talk to a witness about what testimony the witness would give if called to the courtroom. The witness should not be discredited by talking to a lawyer about his testimony.
8. Your verdict should not be influenced by feelings of prejudice, bias or sympathy. Your verdict must be based on your views of the evidence, and on the law contained in these instructions.

Comment
This instruction is a modified version of Florida Standard Jury Instruction (Criminal) 2.05, Rules for Deliberation, the Kansas jury instructions regarding the civil commitment of sexual predators, and section 394.917(1), Florida Statutes.

2.07

CAUTIONARY INSTRUCTION
Deciding a verdict is exclusively your job. I cannot participate in that decision in any way. Please disregard anything I may have said or done that made you think I preferred one verdict over another.

Comment
This instruction is the same as Florida Standard Jury Instruction (Criminal) 2.07, Cautionary Instruction.

2.08

VERDICT AND SUBMITTING CASE TO JURY
In just a few moments you will be taken to the jury room by the bailiff. The first thing you should do is elect a foreperson. The foreperson presides over your deliberations, like the chair person of a meeting. It is the foreperson's job to sign and date the verdict form when all of you have agreed on a verdict in this case. The foreperson will bring the verdict back to the courtroom when you return.
Before the respondent may be confined to a secure facility as a sexually violent predator, your verdict must be unanimous; that is, all of you must agree to the same verdict. The verdict must be the verdict of each juror as well as the jury as a whole.
If the verdict is not unanimous but a majority of the jury determines that the respondent is a sexually violent predator, the case may be retried before another jury.
If three or more jurors determine that the respondent is not proven to be a sexually violent predator [he][she] will not be confined to a secure facility as a sexually violent predator and the case will not be retried before another jury.
The verdict must be in writing and for your convenience the necessary verdict form has been prepared for you.
(Read and explain verdict form.)
In closing, let me remind you that it is important that you follow the law spelled out in these instructions in deciding your verdict. There are no other laws that apply to this case. Even if you do not like the laws that must be applied, you must use them. For two centuries we have lived by the constitution and the law. No juror has the right to violate rules we all share.

*377 Comment
Based upon section 394.917, Florida Statutes; Florida Standard Jury Instruction (Criminal) 2.09, Submitting Case to Jury.
IN THE CIRCUIT COURT OF THE
 ____ JUDICIAL CIRCUIT IN
 AND FOR ____ COUNTY,
 FLORIDA GENERAL CIVIL DIVISION
IN THE MATTER OF:
(RESPONDENT'S NAME),
 Case No. 99-XXXXX
 Respondent.
______________________
 VERDICT
Complete paragraph A, B or C:
 (Check only one)
___ A. The jury unanimously finds the
 respondent (name of respondent) is a
 sexually violent predator.
___ B. The jury unanimously find the
 respondent (name of respondent) is
 not proven to be a sexually violent
 predator.
___ C. The jury is unable to make a
 unanimous verdict but, ____ jurors
 find the respondent is a sexually violent
 predator, and____ jurors find
 the respondent is not proven to be a
 sexually violent predator.
DATED this ___ day of ______, [year].
 ___________
 FOREPERSON
 ________
 (Print Foreperson's name)
NOTES
[1] A "sexually violent predator" is defined in the Jimmy Ryce Act as "any person who: (a) Has been convicted of a sexually violent offense; and (b) Suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment." § 394.912(10), Fla. Stat. (1999).
[2] Section 394.917(1), Florida Statutes (1999), provides in pertinent part:

If the determination [of whether the person is a sexually violent predator] is made by a jury, the verdict must be unanimous. If the jury is unable to reach a unanimous verdict, the court must declare a mistrial and poll the jury. If a majority of the jury would find the person is a sexually violent predator, the state attorney may refile the petition and proceed according to the provisions of this part.