PER CURIAM.
Tauric Griggs, Appellant, challenges the denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant raised numerous claims of ineffective assistance of counsel, as well as claims of sentencing error. Only three of his claims warrant reversal.
Appellant’s claim that counsel failed to pursue a voluntary intoxication defense when he was aware Appellant was under the influence of drugs and alcohol at the time of the offenses is facially sufficient. See Kitchen v. State, 764 So.2d 868 (Fla. 4th DCA 2000). Appellant stood trial before the legislature did away with the voluntary intoxication defense. Additionally, he was charged with first-degree murder and robbery with a firearm, both of which are specific intent crimes. Thus, the defense was available to Appellant. See Linehan v. State, 476 So.2d 1262 (Fla.1985). The trial court’s finding, without an evidentiary hearing, that counsel made a strategic decision to use the alibi defense, was inappropriate. See Griggs v. State, 744 So.2d 1145 (Fla. 4th DCA 1999). Accordingly, we reverse and remand for evi-dentiary hearing with regards to this claim.
Appellant also alleged that counsel was ineffective in failing to request an attempted robbery instruction. He argued he was prejudiced because the jury asked a question which indicated it was considering an attempted robbery conviction. As the claim is sufficient, see Oehling v. State, 659 So.2d 1226 (Fla. 5th DCA 1995), and the record attachments do not conclusively refute this claim, we reverse and remand for evidentiary hearing.
Finally, Appellant claimed that his written sentencing order, which imposes a mandatory minimum life sentence for armed robbery, doesn’t comport with the oral pronouncement. This is a cognizable rule 3.850 claim. See Williams v. State, 789 So.2d 1112 (Fla. 4th DCA 2001). We accept the State’s concession of error, as section 775.084(4)(b), Florida Statutes (1997), doesn’t provide for a mandatory minimum sentence of life for a first degree felony.
If the trial court denies the ineffective assistance claims after evidentiary hearing, the court shall resentence Appellant in accordance with section 775.084(4)(b), Florida Statutes (1997). We affirm in all other respects.
FARMER, HAZOURI and MAY, JJ., concur.