PER CURIAM.
Appellant, Willis English, challenges the order summarily denying his rule 3.850 motion for post-conviction relief. We reverse and remand for record attachments which conclusively refute appellant’s claim or an evidentiary hearing.
Appellant argues that his attorney was made aware of an eyewitness to the crime, Willie White, who would have testified that appellant was not the assailant in an aggravated battery. Appellant further alleged that White was available to testify but that his attorney neither properly investigated White nor subpoenaed him for deposition or trial. This is a sufficient claim with regards to deficient performance. Cf. Catis v. State, 741 So.2d 1140 (Fla. 4th DCA 1998)(holding claim that *241 counsel failed to investígate witnesses insufficient since appellant failed to name witnesses, allege that they would have been available to testify, and specify content of their testimony), rev. denied, 735 So.2d 1284 (Fla.1999).
We reject the State’s contention that appellant’s own assertions that his attorney sent an investigator to White’s home but was not able to catch him defeats appellant’s claim. Certainly, defense counsel would be expected to subpoena a crucial witness for deposition or trial before concluding that the witness is unavailable just because he is not at home when the investigator comes calling.
Further, appellant’s claims that the witness would have testified that the appellant was not the perpetrator and that this would have impeached the victim’s testimony (according to the motion, the victim was the sole witness at trial) were sufficient allegations of prejudice. As there was no evidentiary hearing in this case, it is improper to affirm the denial of relief based on a finding that counsel made a strategic decision. See Griggs v. State, 821 So.2d 1139, 1140 (Fla. 4th DCA 2002). Accordingly, we reverse and remand for record attachments or an evidentiary hearing.[1]
STEVENSON, SHAHOOD and GROSS, JJ., concur.

. The State attached exhibits to its response below that purportedly refuted the claim. The exhibits, however, do not conclusively refute the claim. Thus, an evidentiary hearing would be necessary if the trial court was not able to otherwise refute the claim with additional record attachments.