845 So.2d 311 (2003)
Thomas PATTERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-5301.
District Court of Appeal of Florida, Second District.
May 16, 2003.
CASANUEVA, Judge.
Thomas Patterson appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, he alleged three grounds of ineffective assistance of counsel. We affirm without discussion on the first two grounds, but we reverse and remand for further proceedings on the third ground.
*312 On November 19, 1998, a jury convicted Patterson of second-degree murder. The court sentenced him to life in prison. In ground three of his motion, Patterson alleged that the State presented the testimony of two witnesses who implicated him in the murder of a neighborhood drug dealer. He alleged that his counsel was ineffective for failing to investigate four other witnesses from the neighborhood and for failing to call them to testify at trial. The trial court denied this claim on the basis that Patterson failed to describe the substance of the witnesses' testimony or explain how the testimony would have made a difference at trial. The trial court also concluded that defense counsel did not call one of the witnesses to testify because the witness refused to answer particular questions at the discovery deposition.
In his motion, Patterson provided in detail the identity of the witnesses. He also described the substance of their testimony by alleging what they observed the day of the murder and what they could testify to at trial. Last, he explained how the omission of their testimony prejudiced the outcome of the trial. Patterson claimed that the witnesses' testimony would have impeached the State's witnesses, refuted the State's witnesses' testimony, and shown that other people were involved in the death of the victim, thereby creating reasonable doubt that he committed the murder. Therefore, Patterson stated a facially sufficient claim. See Odom v. State, 770 So.2d 195, 197 (Fla.2d DCA 2000). Patterson is entitled to an evidentiary hearing unless the trial court can provide portions of the record that conclusively refute his claim. See id. In addition, the trial court concluded that defense counsel's failure to call a witness for trial was tactical. Such a determination is generally inappropriate without an evidentiary hearing. Green v. State, 827 So.2d 1060, 1061 (Fla.2d DCA 2002).
Accordingly, we reverse and remand for the trial court to either conduct an evidentiary hearing on this claim or provide record attachments that demonstrate that Patterson is not entitled to relief.
Affirmed in part, reversed in part, and remanded.
FULMER and COVINGTON, JJ., Concur.