PER CURIAM.
Appellant seeks review of an order summarily denying his motion seeking post- *573 conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. He asserts that his trial counsel was ineffective in five respects. As to all save one, we affirm without discussion. We are, however, constrained to reverse the summary denial of the remaining claim because the portions of the record attached to the trial court’s order do not demonstrate conclusively that appellant is entitled to no relief.
Appellant was convicted of armed robbery. The state’s case consisted of a positive identification by the victim. Appellant presented an alibi defense, claiming that he was in another city at the time of the robbery. Appellant complains that his attorney was ineffective because he failed to call at trial the victim’s adult daughter, who was available to testify. According to appellant, his attorney was aware from the daughter’s deposition that, although the daughter had encountered (and said hello to) the robber, she was unable to identify appellant in a photo spread. Appellant further claims that the daughter gave a description of the man which differed greatly from that of appellant. The daughter supposedly described the man as slightly taller than five feet six inches, and of medium build, whereas appellant was six feet one inch tall and weighed 287 pounds. According to appellant, because the state’s case rested entirely upon the victim’s identification, had his attorney called the daughter, her testimony would have had a significant impact on the victim’s credibility, and resulted in a different outcome. Such allegations are legally sufficient. See, e.g., Terrero v. State, 839 So.2d 873 (Fla. 3d DCA 2003); English v. State, 830 So.2d 240 (Fla. 4th DCA 2002).
Because the portions of the record attached to the order denying relief do not demonstrate conclusively that appellant is entitled to no relief, we are constrained to reverse. On remand, the trial court may again deny relief if it attaches to its order portions of the record demonstrating conclusively that appellant is entitled to no relief. Otherwise, it shall hold an eviden-tiary hearing. In all other respects, the order is affirmed.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
WEBSTER, PADOVANO and POLSTON, JJ., CONCUR.