SHARP, W., J.
Colon appeals his sentence after pleading guilty to two counts of trafficking in phenethylamines (MDMA pills), 10-200 grams, in a single criminal episode.[1] He argues three points in this appeal, only one of which has any merit: that his due process rights and right to counsel were violated when the state and public defender failed to inform him that a plea offer had been made. We affirm because the record is insufficient to support that claim.
Colon appeared before the court on June 20, 2003 and the court asked him whether he had an attorney. Colon’s response was that he was in the process of retaining an attorney, but did not have the full amount of money necessary to do so. The court rescheduled the arraignment for July 7, 2003, so that Colon could retain a lawyer.
On July 7, 2003 the case was again called for arraignment. When the judge asked Colon if he had an attorney, he again responded that he did not, but said he was still in the process of getting one. He said he was working two jobs to get the money for a lawyer, and that the offenses were serious and he’d rather get an attorney for whom he paid. He assured the court that he would be able to hire his own attorney, and the court reset the arraignment one more time for July 15th. The judge said this would be the last delay he would grant.
On July 15, 2003, Colon appeared for arraignment but had not been able to ob *1269 tain an attorney due to his continued lack of funds. The court entered a second order[2] appointing the public defender’s office to represent Colon. Assistant public defenders Gary Smolek and Clyde Taylor were in the court at that time. The state advised the court that the public defender’s office was representing a co-defendant in this case, and that there was a conflict. The court entered a not guilty plea for Colon and agreed to appoint private counsel. Subsequently, Sharon Poole (Poole) was appointed as Colon’s attorney.
At the plea hearing on March 15, 2004, Poole told the court that Colon wanted to accept a plea offer of five years, which he said he had not been made aware of earlier. The state attorney advised he had made the plea offer, apparently at the time of arraignment, but that Colon had turned it down. One of the public defenders who was present at the earlier hearing said he did not recall the plea offer. The court observed that when a plea offer was made in his court, it was placed on the record, and the court said his notes showed that Colon had turned down the offer at arraignment. However, the transcript of the hearing does not show this occurred and the judge’s notes are not in the record.
The state then offered an eight year sentence at the plea hearing. When Colon objected because the offer was three years longer than the original plea offer, the court said that the offer at arraignment was always better than the offer after arraignment. Colon decided to plead to the court’s mercy and have the judge sentence him. The judge accepted the plea, advising Colon that the minimum sentence would be 73.5 months.
Unfortunately, an emergency arose with regard to the original judge and he was not able to be present at Colon’s sentencing. As a result, Colon was sentenced by a different judge. The second judge imposed concurrent eight year sentences, with concurrent three year mandatory mínimums.
Colon argues that an accused has the right to assistance of counsel at preliminary hearings. See White v. Maryland, 373 U.S. 59, 60, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963); Lumley v. City of Dade City, 327 F.3d 1186, 1195 (11th Cir.2003). The right to counsel includes the right to having a plea offer communicated. Cottle v. State, 733 So.2d 963 (Fla.1999). The right to effective counsel also includes the right to have counsel free from ethical conflicts. Toneatti v. State, 805 So.2d 112, 113 (Fla. 4th DCA 2002).
In this case, Colon’s argument is effectively that he had no attorney present on his behalf at the time of the arraignment, and that even if the public defender’s office had represented him, it had a conflict because it represented a co-defendant. The aforesaid, coupled with his claim that he was not made aware of the plea offer, is argued to have compromised his right to counsel and resulted in prejudice to due process rights. See Cottle; Vagner v. Wainwright, 398 So.2d 448, 450-451 (Fla.1981).
However, Colon misses the crux of this case. Unless the record clearly demonstrates ineffective counsel, the appellate court cannot grant relief on that ground on direct appeal. See Blanco v. Wainwright, 507 So.2d 1377, 1384 (Fla.1987); Rios v. State, 730 So.2d 831, 832 (Fla. 3d DCA 1999); Kirkman v. State, 692 So.2d 318 (Fla. 5th DCA 1997). In this case, there *1270 was evidence that Colon rejected the plea ostensibly offered at arraignment and there is little in the present record to support his claim that the first plea offer was not communicated to him. Thus, we must affirm.
However, our affirmance is without prejudice to Colon’s right to file an ineffective assistance of counsel claim pursuant to Rule 3.850,[3] if he chooses to do so. Loren v. State, 601 So.2d 271, 273 (Fla. 1st DCA 1992).
AFFIRMED.
THOMPSON and MONACO, JJ., concur.

. Section 893.135(l)(k)(2)(a), Florida Statutes (2003).

. An order dated May 5, 2003 had already appointed the public defender’s office.

. See, Byrden v. State, 847 So.2d 572 (Fla. 1st DCA 2003); Patterson v. State, 845 So.2d 311 (Fla. 2d DCA 2003); Jones v. State, 637 So.2d 992 (Fla. 3d DCA 1994).