NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DAMON LEON PEWO, JR.,                      )
                                           )
            Appellant,                     )
                                           )
v.                                         )          Case No. 2D13-4866
                                           )
STATE OF FLORIDA,                          )
                                           )
            Appellee.                      )
_____ )

Opinion filed September 11, 2015.

Appeal from the Circuit Court for Hendry
County; William C. McIver, Senior Judge.

Jose Baez of The Baez Law Firm, Coral
Gables, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and C. Suzanne Bechard,
Assistant Attorney General, Tampa, for
Appellee.

SLEET, Judge.

          Damon Leon Pewo, Jr., appeals his conviction and sentence for second-

degree murder following a jury trial.  On appeal, Pewo challenges the standard jury

instruction on insanity, arguing that the language in the instruction improperly raised the

defense's burden of proof from "clear and convincing evidence" to "beyond a reasonable doubt." We disagree and affirm Pewo's conviction and sentence.

At trial, the State had the burden of proving that Pewo was guilty of second-degree murder beyond a reasonable doubt. See Fla. Std. Jury Instr. (Crim.) 7.4. Pewo's sole defense at trial was that he was insane at the time of the murder and unable to appreciate the consequences of his actions. Pursuant to the standard jury instruction on insanity, Pewo sought to establish this defense by clear and convincing evidence. The standard jury instruction on insanity reads, in part:

> All persons are presumed to be sane. The defendant has the burden of proving the defense of insanity by clear and convincing evidence. Clear and convincing evidence is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief, without hesitation, about the matter in issue.

Fla. Std. Jury Instr. (Crim.) 3.6(a). Pewo argues that this instruction improperly raised his burden of proof because this definition of the clear and convincing evidence standard is indistinguishable from the definition provided for the reasonable doubt standard. The standard jury instruction on reasonable doubt reads, in part:

> A reasonable doubt is not a mere possible doubt, a speculative, imaginary or forced doubt. Such a doubt must not influence you to return a verdict of not guilty if you have an abiding conviction of guilt. On the other hand, if, after carefully considering, comparing and weighing all the evidence, there is not an abiding conviction of guilt, or, if, having a conviction, it is one which is not stable but one which wavers and vacillates, then the charge is not proved beyond every reasonable doubt and you must find the defendant not guilty because the doubt is reasonable.

Fla. Std. Jury Instr. (Crim.) 3.7. Specifically, Pewo argues that the language requiring "a firm belief, without hesitation" in the clear and convincing evidence instruction is

equivalent to the language requiring "an abiding conviction of guilt" which does not "waver" or "vacillate" in the reasonable doubt instruction. Pewo claims that because the language in the two instructions is similar, the jury was unable to distinguish between the two standards of proof when the instructions were read together at trial. We disagree.

The Florida Supreme Court addressed this argument when it approved the recommended jury instruction used in Jimmy Ryce civil commitment proceedings, standard jury instruction 2.03. See Standard Jury Instructions-Criminal Cases (99-2), 777 So. 2d 366, 368 (Fla. 2000). In that instance, the proposed instruction defined clear and convincing evidence as "evidence that is precise, explicit, lacking in confusion, and of such weight that it produces in your mind a firm belief or conviction, without hesitation, about the matter in issue." Id. In reviewing the instruction, the supreme court expressly considered whether the proposed definition of clear and convincing evidence overstated "the applicable burden of proof to a level equal to, or even higher than, the 'beyond a reasonable doubt' standard." Id. The supreme court rejected this argument, stating, "We disagree, as the committee's proposed definition of 'clear and convincing evidence' is consistent with the established caselaw definition of that term." Id.; see also In re Davey, 645 So. 2d 398, 404 (Fla. 1994); Slomowitz v. Walker, 429 So. 2d 797, 800 (Fla. 4th DCA 1983).

Standard jury instructions are published under the authority of the Florida Supreme Court and are presumed to be correct. BellSouth Telecomm., Inc. v. Meeks, 863 So. 2d 287, 292 (Fla. 2003) (citing Freeman v. State, 761 So. 2d 1055, 1071 (Fla. 2000)). And the definition of clear and convincing evidence used in the standard

- 3 -

insanity instruction has been used in Florida for over thirty years.  See, e.g., In re Hawkins, 151 So. 3d 1200, 1212 (Fla. 2014); Davey, 645 So. 2d at 404 ("[T]he sum total of the evidence must be of sufficient weight to convince the trier of fact without hesitancy." (emphasis added)); Slomowitz, 429 So. 2d at 800 ("The evidence must be of such weight that it produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established." (emphasis added)).  The language used in the standard insanity instruction mirrors the language used to define the clear and convincing evidence standard in Slomowitz and Davey, which requires "a firm belief, without hesitation," in the minds of the jurors.

In this case, the State did not argue to the jury that the defense had a burden to prove that Pewo was insane at the time of the crime beyond a reasonable doubt.  And the court gave the jury each instruction in its proper context.  Accordingly, we affirm Pewo's conviction and sentence.

Affirmed.


BLACK and MORRIS, JJ., Concur.