PER CURIAM.
Before the Court is the out-of-cycle report of The Florida Bar’s Rules of Judicial Administration Committee (Committee) proposing new Florida Rule of Judicial Administration 2.451 (Use of Electronic Devices). See Fla. Rule Jud. Admin. 2.140(e). We have jurisdiction[1] and adopt the proposed new rule, with a minor modification as explained below.
BACKGROUND
The Committee proposes new rule 2.451 in response to the Court’s requests that the Committee address the use of electronic devices in the courtroom by jurors and individuals other than the media.[2] The Committee, which had been studying the issue prior to receiving the Court’s requests, published two different drafts of the proposed new rule, which will govern the use of electronic devices by jurors and other non-media courtroom attendees. After considering the first group of comments, the Committee made a number of revisions to its proposal. The Committee did not make any changes to its proposal after the second publication. The Committee voted 23-0 in favor of the version of the new rule filed with the Court. The Board of Governors of The Florida Bar unanimously approved that version of the rule.
The Court published the proposed new rule after the Committee filed its report. Two comments were filed with the Court, one from Circuit Judge J. Thomas McGra-dy, Chief Judge of the Sixth Judicial Circuit, supporting the new rule; the other from R. Blaise Trettis, Executive Assistant Public Defender, Eighteenth Judicial Circuit, opposing the new rule.
*194 After considering the Committee’s report, the comments filed, and the Committee’s response to the comments, we adopt proposed new rule 2.451, with a minor modification as explained below. Subdivision (a) (Electronic Devices Defined) of the new rule defines electronic devices as that term is used in the rule. Subdivision (b) (Use of Electronic Devices by Jurors) addresses the use of electronic devices by jurors. Subdivision (b)(1) provides that electronic devices may be removed as directed by the judge from all members of a jury panel at any time before deliberations and that electronic devices must be removed from all members of a jury panel before jury deliberations begin. Subdivision (b)(2) allows for return of electronic devices to jurors during recesses and allows the judge to determine whether electronic devices will be removed from jurors who are sequestered. Subdivision (b)(3) lists prohibited uses of electronic devices by jurors. Subdivision (b)(4) recognizes a judge’s authority to permit jurors to retain their electronic devices during trial proceedings. Based on Mr. Trettis’s suggestion that jurors should be put on notice early in the proceedings that their electronic devices will be removed before deliberations begin, we have added subdivision (b)(5) to the new rule. The notice provided in that subdivision is intended to give members of the jury panel the opportunity to avoid having their electronic devices removed.
Finally, subdivision (c) (Use of Electronic Devices by Others) governs use of electronic devices by non-media courtroom attendees. According to the committee note, subdivision (c) parallels rule 2.450(a) regarding the use of electronic devices by the media. Subdivision (c)(1) recognizes the authority of the presiding judge or quasi-judicial officer to control the use of electronic devices in the courtroom. Subdivision (c)(2) recognizes the general authority of the chief judge to control the use of electronic devices in a courthouse or court facility.
Accordingly, we adopt new Florida Rule of Judicial Administration 2.451 as set forth in the appendix to this opinion.[3] The committee note is offered for explanation only and is not adopted as an official part of the rule. The new rule shall become effective October 1, 2013, at 12:01 a.m.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
RULE 2.451. USE OF ELECTRONIC DEVICES
(a) Electronic Devices Defined. An electronic device is any device capable of making or transmitting still or moving photographs, video recordings, or images of any kind; any device capable of creating, transmitting, or receiving text or data; and any device capable of receiving, transmitting, or recording sound. Electronic devices include, without limitation, film cameras, digital cameras, video cameras, any other type of camera, cellular telephones, tape recorders, digital voice recorders, any other type of audio recorders, laptop computers, personal digital assistants, or other similar technological devices with the ability to make or transmit video recordings, audio recordings, images, text, or data.
*195 (b) Use of Electronic Devices by Jurors.
(1) Electronic devices, as that term is defined in subdivision (a), may be removed as directed by the presiding judge from all members of a jury panel at any time before deliberations, but such electronic devices must be removed from all members of a jury panel before jury deliberations begin. The electronic devices will be removed and appropriately secured by the bailiff or other person designated by the chief judge.
(2) Any electronic devices removed from members of a jury panel may be returned to the members of the jury panel during recesses in the trial. When jurors are sequestered, the presiding judge may determine whether the electronic devices will be removed from jurors during the entire period of sequestration.
(3) From the time a person reports for jury service until the person is discharged from jury service, that person is prohibited from using electronic devices for any of the following purposes:
(A) making or transmitting still or moving photographs, audio recordings, video recordings, or images of any kind of the court proceedings;
(B) transmitting or accessing text or data during the court proceedings;
(C) transmitting or accessing text or data about the case on which the juror is serving;
(D) researching, transmitting, or accessing information about the case on which the juror is serving;
(E) otherwise communicating about the case on which the juror is serving; or
(F) otherwise communicating about the jury deliberations.
(4) Nothing in this rule is to be construed to limit or impair the authority of a chief judge or presiding judge to grant permission to a juror to retain his or her electronic device during trial proceedings.
(5) The jury summons mailed to prospective jurors should contain a notice that electronic devices will be removed from all members of a jury panel before jury deliberations begin and as directed by the presiding judge, may be removed at other stages of a trial. At the beginning of the trial, the presiding judge should advise the jury panel about the removal of electronic devices.
(c) Use of Electronic Devices by Others.
(1) The use of electronic devices in a courtroom is subject at all times to the authority of the presiding judge or quasi-judicial officer to
(A) control the conduct of proceedings before the court;
(B) ensure decorum and prevent distractions; and
(C) ensure the fair administration of justice in the pending cause.
(2) The use of electronic devices in a courthouse or court facility is subject at all times to the authority of the chief judge to
(A) ensure decorum and prevent distractions;
(B) ensure the fair administration of justice; and
(C) preserve court security.
Committee Note
2013 Adoption. Subdivision (c), Use of Electronic Devices by Others, parallels Florida Rule of Judicial Administration *196 2.450(a) regarding the use of electronic devices by the media.

. See art. V, § 2(a), Fla. Const.

. Specifically, the Court asked the Committee to review rule 2.450, which governs the use of electronic devices by the media, in light of then pending proposed jury instruction amendments addressing juror use of electronic devices. See In re Standard Jury Instructions in Criminal Cases-Report No. 2010-01 & Standard Jury Instructions in Civil Cases-Report No. 2010-01, 52 So.3d 595 (Fla.2010) (authorizing for publication and use amendments to the standard jury instructions addressing the use of electronic devices by jurors and potential jurors). The Court first asked the Committee to consider whether the rules of judicial administration should be amended to address the use of electronic devices in the courtroom by persons that are not part of the media. See Letter from Thomas D. Hall, Clerk of Supreme Court, to Circuit Judge Lisa Davidson, Chair of the Rules of Judicial Administration. Committee (April 14, 2010) (on file with Clerk of the Supreme Court). The Court then asked the Committee to propose a rule requiring the removal of cell phones and other electronic devices from jurors during trial court proceedings. See Letter from Thomas D. Hall, Clerk of Supreme Court, to Katherine Eastmoore Giddings, Chair of Rules of Judicial Administration Committee (August 20, 2010) (on file with Clerk of the Supreme Court).

. We ask the civil cases, criminal cases, and contract and business cases jury instruction committees to review their respective bodies of instructions and propose any amendments needed to conform the instructions to the new rule.