# Supreme Court of Florida

_____

No. SC14-623

_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CIVIL, CRIMINAL, AND CONTRACT & BUSINESS CASES—JURORS' USE OF ELECTRONIC DEVICES.**

[December 4, 2014]

PER CURIAM.

The Supreme Court Committees on Standard Jury Instructions in Civil, Criminal, and Contract and Business Cases (Committees) have submitted proposed changes to their respective standard jury instructions and ask that the Court authorize the amended standard instructions for publication and use. We have jurisdiction. See art. V, § 2(a), Fla. Const.

In In re Amendments to the Florida Rules of Judicial Administration—Rule 2.451 (Use of Electronic Devices), 118 So. 3d 193, 194 n.3 (Fla. 2013), the Court requested the Committees "to review their respective bodies of instructions and propose any amendments needed to conform the instructions to [new rule 2.451]."

Florida Rule of Judicial Administration 2.451(b) gives trial judges considerable discretion for how and when to remove electronic devices from

jurors.  The rule provides that electronic devices will be removed from all members of a jury panel before jury deliberations begin.  The presiding judge may remove the jurors' electronic devices at other stages of the trial.  If electronic devices are removed from members of the jury panel during trial, the judge may order them returned during recesses.  If a jury panel is sequestered, the judge may decide whether to remove electronic devices during the entire period of sequestration.  The rule also makes clear that during court proceedings, jurors cannot use their electronic devices to take photos or videos, or to transmit or access data or text.  At all times, jurors are prohibited from using the devices to research information about the case or to communicate with others about the case or jury deliberations.

The three Committees formed a joint subcommittee to consider rule 2.451, with the goal of working together to draft uniform language on electronic devices that could be used in each Committee's instructions.  The Civil Committee and the Contract and Business Committee propose amending the following instructions: Qualifications Instruction; Instruction 201.2 (Introduction of Participants and Their Roles); Instruction 201.3 (Explanation of the Voir Dire Process); Instruction 202.2 (Explanation of the Trial Procedure); Instruction 301.10 (Instruction Before Recess); and Instruction Section 700 (Closing Instructions).  The Criminal Committee proposes amendments to the following criminal instructions:

Qualifications Instruction; Instruction 1.1 (Introduction); Instruction 2.1 (Preliminary Instructions); and Instruction 3.13 (Submitting Case to Jury); and amendments to the following instructions for Involuntary Civil Commitment of Sexually Violent Predator (Jimmy Ryce) cases: Qualifications Instruction; Instruction 1.001 (Introduction); Instruction 1.01 (Preliminary Instruction); and Instruction 2.08 (Verdict and Submitting Case to Jury).

All of the proposals were published in The Florida Bar News, except the Criminal Committee did make some revisions to its proposals that were not republished. The Criminal Committee made revisions to its proposals in light of the proposals made by the Civil and Contracts and Business Committees' proposals. No comments were received by the Committees.

Having considered the Committees' report, we authorize for publication and use the standard jury instructions as amended by the Committees, with additional amendments added by the Court. The criminal jury instructions, including both those directly pertaining to criminal cases (Qualifications Instruction, Instruction 1.1 (Introduction), and Instruction 2.1 (Preliminary Instructions)) and those for Involuntary Civil Commitment of Sexually Violent Predator (Jimmy Ryce) cases (Qualifications Instruction and  Instruction 1.01 (Preliminary Instruction)), are also amended, consistent with the Civil and Contracts and Business Committees' proposals, to make clear that failure to follow the court's instructions concerning

the use of electronic devices may result in a mistrial and that the offending juror may be subject to contempt of court.

We authorize the amended instructions, as set forth in the appendix to this opinion, for publication and use.[1] We thank the joint subcommittee and the Committees for their work in proposing modifications to the standard jury instructions consistent with rule 2.451. New language is indicated by underlining, and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committees and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall become effective when this opinion becomes final.

---

1. With regard to the Criminal Jury Instructions, the amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org/jury_instructions/instructions. shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions

Joseph Hagedorn Lang, Jr., Chair, Supreme Court Committee on Standard Jury Instructions in Civil Cases, Carlton Fields Jorden Burt, P.A., Tampa, Florida, Rebecca Mercier Vargas, Subcommittee Chair, Juror Conduct Civil Subcommittee, Supreme Court Committee on Standard Jury Instructions in Civil Cases, Kreusler-Walsh, Compiani & Vargas, P.A., West Palm Beach, Florida, and Heather Savage Telfer, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida; Judge Jerri Lynn Collins, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Sanford, Florida, Judge Joseph Anthony Bulone, Past Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Clearwater, Florida, and Bart Neil Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida; Manuel Farach, Chair, Supreme Court Committee on Standard Jury Instructions in Contract and Business Cases, Richman Greer, P.A., West Palm Beach, Florida, and Josine Rene Blackwell, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida,

        for Petitioner

# APPENDIX

**Standard Jury Instructions for
Civil Cases and Contract and Business Cases**

## QUALIFICATIONS INSTRUCTION

Many of you have <u>electronic devices such as</u> cell phones, <u>smartphones, tablets, and laptops</u>~~computers, and other electronic devices~~.  Even though you have not yet been selected as a juror, there are some strict rules that you must follow about ~~using your cell phones,~~ electronic devices ~~and computers~~.

<u>When you are called to a courtroom, the judge will give you specific instructions on the use of electronic devices.  These rules are so important that the judge may tell you that you must turn off your cell phone or other electronic devices completely or that you cannot have your cell phone or electronic devices in the courtroom.  If someone needs to contact you in case of an emergency, the judge will provide you with a phone number where you can receive messages.</u>

<u>If the trial judge allows you to keep your cell phones, computers, or other electronic devices, you cannot use them to take photographs, video recordings, or audio recordings of the proceedings in the courtroom or your fellow jurors.  You must not use</u> <u>the</u>~~many device~~ to search the Internet or to find out anything related to any cases in the courthouse.

<u>Why is this restriction imposed?  This restriction is imposed because jurors must decide the case without distraction and only on the evidence presented in the courtroom.  I know that, for some of you, these restrictions affect your normal daily activities and may require a change in the way you are used to communicating and perhaps even in the way you are used to learning.</u>

<u>If you investigate, research, or make inquiries on your own, the trial judge has no way to make sure that the information you obtain is proper for the case.  The parties likewise have no opportunity to dispute or challenge the accuracy of what you find.  Any independent investigation by a juror unfairly and improperly prevents the parties from having that opportunity our judicial system promises.</u>

Between now and when you have been discharged from jury duty by the judge, you must not ~~provide or receive~~<u>discuss</u> any information about your jury service ~~to~~<u>with</u> anyone, including friends, co-workers, and family members. You may tell those who need to know where you are that you have

been called for jury duty. If you are picked for a jury, you may tell people that you have been picked for a jury and how long the case may take. However, you must not give anyone any information about the case itself or the people involved in the case. You must also warn people not to try to say anything to you or write to you about your jury service or the case. This includes face-to-face, phone or computer communications.

~~In this age of electronic communication,~~I want to stress that you must not use electronic devices or computers to talk about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all.  Do not send or accept any messages, including e-mail and text messages, about your jury service. You must not disclose your thoughts about your jury service or ask for advice on how to decide any case.

~~After you are called to the courtroom, the judge will give you specific instructions about these matters.~~  <u>The</u>~~A~~ judge will tell you when you are released from this instruction.  <u>Remember, these rules are designed to guarantee a fair trial.  It is important that you understand the rules as well as the impact on our system of justice if you fail to follow them.  If it is determined that any one of you has violated this rule, and conducted any type of independent research or investigation, it may result in a mistrial.  A mistrial would require the case to be tried again at great expense to the parties and the judicial system.  The judge may also impose a penalty upon any juror who violates this instruction.</u>  All of us are depending on you to follow these rules, so that there will be a fair and lawful resolution of every case.

NOTE ON USE

This instruction should be given in addition to and at the conclusion of the instructions normally given to the prospective jurors.  The portion of this instruction dealing with communication with others and outside research may need to be modified to include other specified means of communication or research as technology develops.

## 201.2 INTRODUCTION OF PARTICIPANTS AND THEIR ROLES

*Who are the people here and what do they do?*

Judge/Court: **I am the Judge. You may hear people occasionally refer to me as "The Court." That is the formal name for my role. My job is to maintain order and decide how to apply the rules of the law to the trial. I will also explain various rules to you that you will need to know in order to do your job as the jury. It is my job to remain neutral on the issues of this lawsuit.**

Parties: **A party who files a lawsuit is called the Plaintiff. A party that is sued is called the Defendant.**

Attorneys: **The attorneys have the job of representing their clients. That means they speak for their client here at the trial. They have taken oaths as attorneys to do their best and to follow the rules for their profession.**

Plaintiff's Counsel: **The attorney on this side of the courtroom,** (introduce by name)**, represents** (client name) **and is the person who filed the lawsuit here at the courthouse. [His] [Her] job is to present [his] [her] client's side of things to you. [He] [She] and [his] [her] client will be referred to most of the time as "the plaintiff."** (Attorney name)**, will you please introduce who is sitting at the table with you?**

[Plaintiff without Counsel: (Introduce claimant by name)**, on this side of the courtroom, is the person who filed the lawsuit at the courthouse.** (Claimant) **is not represented by an attorney and will present [his] [her] side of things to you [himself] [herself]].**

Defendant's Counsel: **The attorney on this side of the courtroom,** (introduce by name)**, represents** (client name)**, the one who has been sued. [His] [Her] job is to present [his] [her] client's side of things to you. [He] [She] and [his] [her] client will usually be referred to here as "the defendant."** (Attorney name)**, will you please introduce who is sitting at the table with you?**

[Defendant's Counsel: **The attorney on this side of the courtroom,** (introduce by name)**, represents** (client name)**, the one who has been sued. [His] [Her] job is to present [his] [her] client's side of things to you. [He] [She] and [his] [her] client will usually be referred to here as "the defendant." [His] [Her] client** (defendant uninsured or underinsured motorist carrier) **is** (claimant's name) **motor vehicle insurance company and provided [him] [her] [uninsured] [underinsured] motorist coverage, which may be available to pay some or all of the damages that may be awarded.]**\*

*Use the bracketed paragraph above when the case involves an uninsured or underinsured motorist carrier.*

[Defendant without Counsel: (Introduce defendant by name)**, on this side of the courtroom, is the one who has been sued.** (Defendant) **is not represented by an attorney and will present [his] [her] side of things to you [himself] [herself]].**

Court Clerk: **This person sitting in front of me,** (name)**, is the court clerk. [He] [She] is here to assist me with some of the mechanics of the trial process, including the numbering and collection of the exhibits that are introduced in the course of the trial.**

Court Reporter: **The person sitting at the stenographic machine,** (name)**, is the court reporter. [His] [Her] job is to keep an accurate legal record of everything we say and do during this trial.**

Bailiff: **The person over there,** (name)**, is the bailiff. [His] [Her] job is to maintain order and security in the courtroom. The bailiff is also my representative to the jury. Anything you need or any problems that come up for you during the course of the trial should be brought to [him] [her]. However, the bailiff cannot answer any of your questions about the case. Only I can do that.**

Jury: **Last, but not least, is the jury, which we will begin to select in a few moments from among all of you. The jury's job will be to decide what the facts are and what the facts mean. Jurors should be as neutral as possible at this point and have no fixed opinion about the lawsuit.**

**In order to have a fair and lawful trial, there are rules that all jurors must follow. A basic rule is that jurors must decide the case only on the evidence presented in the courtroom. You must not communicate with anyone, including friends and family members, about this case, the people and places involved, or your jury service. You must not disclose your thoughts about this case or ask for advice on how to decide this case.**

**I want to stress that this rule means you must not use electronic devices or computers to communicate about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all. Do not send or accept any messages to or from anyone about this case or your jury service.**

**You must not do any research or look up words, names, [maps], or anything else that may have anything to do with this case. This includes reading newspapers, watching television or using a computer, cell phone, the Internet, any electronic device, or any other means at all, to get information related to this case or the people and places involved in this case. This applies whether you are in the courthouse, at home, or anywhere else.**

**Many of you may have cell phones, tablets, laptops or other electronic devices with you here in the courtroom.\*\***

**\*\****The trial judge should select one of the following two alternative instructions explaining the rules governing jurors' use of electronic devices, as explained in Note on Use 1.*

*Alternative A:* [**All cell phones, computers, tablets or other types of electronic devices must be turned off while you are in the courtroom. Turned off means that the phone or other electronic device is actually off and not in a silent or vibrating mode. You may use these devices during recesses, but even then you may not use your cell phone or electronic device to find out any information about the case or communicate with anyone about the case or the people involved in the case. Do not take photographs, video recordings or audio recordings of the proceedings or of your fellow jurors. After each recess, please double check to make sure your cell phone or electronic device is turned off. At the end of the case, while you are deliberating, you must not communicate with anyone outside the jury room. You cannot have in the jury room any cell phones, computers, or other electronic devices. If someone needs to contact you in an emergency, the court can receive messages and deliver them to you without delay. A contact phone number will be provided to you.**]

*Alternative B:* [**You cannot have any cell phones, tablets, laptops, or other electronic devices in the courtroom. You may use these devices during recesses, but even then you may not use your cell phone or electronic device to find out any information about the case or communicate with anyone about the case or the people involved in the case. Do not take photographs, video recordings or audio recordings of the proceedings or your fellow jurors. At the end of the case, while you are deliberating, you must not communicate with anyone outside the jury room. If someone needs to contact you in an emergency, the court can receive messages and deliver them to you without delay. A contact phone number will be provided to you.**]

- 10 -

**~~All of us are depending on you to follow these rules, so that there will be a fair and lawful resolution to this case. Unlike questions that you may be allowed to ask in court, which will be answered in court in the presence of the judge and the parties, if~~<u>What are the reasons for these rules? These rules are imposed because jurors must decide the case without distraction and only on the evidence presented in the courtroom. If </u>you investigate, research, or make inquiries on your own outside of the courtroom, the trial judge has no way to ~~assure they are~~<u>make sure that the information you obtain is proper</u>~~and relevant to~~ <u>for</u> the case. The parties likewise have no opportunity to dispute <u>or challenge </u>the accuracy of what you find ~~or to provide rebuttal evidence to it.~~ That is contrary to our judicial system, which assures every party the right to ask questions about and challenge the evidence being considered against it and to present argument with respect to that evidence. ~~Non-court inquiries and investigations~~<u>Any independent investigation by a juror </u>unfairly and improperly prevents the parties from having that opportunity our judicial system promises.**

**<u>Any juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. A mistrial is a tremendous expense and inconvenience to the parties, the court, and the taxpayers. If you violate these rules, you may be held in contempt of court, and face sanctions, such as serving time in jail, paying a fine or both. </u>If you become aware of any violation of these instructions or any other instruction I give in this case, you must tell me by giving a note to the bailiff.**

NOTES ON USE FOR 201.2

<u>1. Florida Rule of Judicial Administration 2.451 directs trial judges to instruct jurors on the use of cell phones and other electronic devices. During the trial, the trial judge may remove the jurors' cell phones or other electronic devices. The trial judge also has the option to allow the jurors to keep the cell phones and electronic devices during trial until the jurors begin deliberations. Rule 2.451 prohibits jurors from using the cell phones or electronic devices to find out information about the case or to communicate with others about the case. The jurors also cannot use the electronic devices to record, photograph, or videotape the proceedings. In recognition of the discretion rule 2.451 gives trial judges, this instruction provides two alternatives: (A) requiring jurors to turn off electronic devices during court proceedings and removing their cell phones and electronic</u>

- 11 -

devices during deliberations; or (B) removing the cell phones and electronic devices during all proceedings and deliberations. These instructions may be modified to fit the practices of a trial judge in a particular courtroom. These instructions are not intended to limit the discretion of the trial court to control the proceedings.

1.2. The portion of this instruction dealing with communication with others and outside research may ~~need to~~ be modified to include other specified means of communication or research as technology develops.

2.3. The introduction of the uninsured/underinsured motorist carrier is required because the plaintiffs are entitled to have the jury know that the joined carrier is the plaintiffs' uninsured/underinsured carrier. *Lamz v. Geico General Insurance Co.*, 803 So.2d 593 (Fla. 2001); *Medina v. Peralta*, 724 So.2d 1188 (Fla. 1999).


## 201.3 EXPLANATION OF THE VOIR DIRE PROCESS

*Voir Dire:*

**The last thing I want to do, before we begin to select the jury, is to explain to you how the selection process works.**

Questions/Challenges: **This is the part of the case where the parties and their lawyers have the opportunity to get to know a little bit about you, in order to help them come to their own conclusions about your ability to be fair and impartial, so they can decide who they think should be the jurors in this case.**

**How we go about that is as follows: First, I'll ask some general questions of you. Then, each of the lawyers will have more specific questions that they will ask of you. After they have asked all of their questions, I will meet with them and they will tell me their choices for jurors. Each side can ask that I exclude a person from serving on a jury if they can give me a reason to believe that he or she might be unable to be fair and impartial. That is what is called a challenge for cause. The lawyers also have a certain number of what are called peremptory challenges, by which they may exclude a person from the jury without giving a reason. By this process of elimination, the remaining**

**persons are selected as the jury. It may take more than one conference among the parties, their attorneys, and me before the final selections are made.**

Purpose of Questioning: **The questions that you will be asked during this process are not intended to embarrass you or unnecessarily pry into your personal affairs, but it is important that the parties and their attorneys know enough about you to make this important decision. If a question is asked that you would prefer not to answer in front of the whole courtroom, just let me know and you can come up here and give your answer just in front of the attorneys and me. If you have a question of either the attorneys or me, don't hesitate to let me know.**

Response to Questioning: **There are no right or wrong answers to the questions that will be asked of you. The only thing that I ask is that you answer the questions as frankly and as honestly and as completely as you can. You [will take] [have taken] an oath to answer all questions truthfully and completely and you must do so. Remaining silent when you have information you should disclose is a violation of that oath as well. If a juror violates this oath, it not only may result in having to try the case all over again but also can result in civil and criminal penalties against a juror personally. So, again, it is very important that you be as honest and complete with your answers as you possibly can. If you don't understand the question, please raise your hand and ask for an explanation or clarification.**

**In sum, this is a process to assist the parties and their attorneys to select a fair and impartial jury. All of the questions they ask you are for this purpose. If, for any reason, you do not think you can be a fair and impartial juror, you must tell us.**

NOTES ON USE FOR 201.3

1. The publication of this recommended instruction is not intended to intrude upon the trial judge's own style and manner of delivery. It may be useful in cataloging the subjects to be covered in an introductory instruction.

~~2. The portion of this instruction dealing with communication with others and outside research may need to be modified to include other specified means of communication or research as technology develops.~~

# 202.2 EXPLANATION OF THE TRIAL PROCEDURE

Now that you have heard the law, I want to let you know what you can expect as the trial proceeds.

Opening Statements: **In a few moments, the attorneys will each have a chance to make what are called opening statements. In an opening statement, an attorney is allowed to give you [his] [her] views about what the evidence will be in the trial and what you are likely to see and hear in the testimony.**

Evidentiary Phase: **After the attorneys' opening statements the plaintiffs will bring their witnesses and evidence to you.**

Evidence: **Evidence is the information that the law allows you to see or hear in deciding this case. Evidence includes the testimony of the witnesses, documents, and anything else that I instruct you to consider.**

Witnesses: **A witness is a person who takes an oath to tell the truth and then answers attorneys' questions for the jury. The answering of attorneys' questions by witnesses is called "giving testimony." Testimony means statements that are made when someone has sworn an oath to tell the truth.**

**The plaintiff's lawyer will normally ask a witness the questions first. That is called direct examination. Then the defense lawyer may ask the same witness additional questions about whatever the witness has testified to. That is called cross-examination. Certain documents or other evidence may also be shown to you during direct or cross-examination. After the plaintiff's witnesses have testified, the defendant will have the opportunity to put witnesses on the stand and go through the same process. Then the plaintiff's lawyer gets to do cross-examination. The process is designed to be fair to both sides.**

**It is important that you remember that testimony comes from witnesses. The attorneys do not give testimony and they are not themselves witnesses.**

Objections: **Sometimes the attorneys will disagree about the rules for trial procedure when a question is asked of a witness. When that happens, one of the lawyers may make what is called an "objection." The rules for a trial can be complicated, and there are many reasons for attorneys to object. You should simply wait for me to decide how to proceed. If I say that an objection is "sustained," that means the witness may not answer the question. If I say**

that the objection is "overruled," that means the witness may answer the question.

When there is an objection and I make a decision, you must not assume from that decision that I have any particular opinion other than that the rules for conducting a trial are being correctly followed. If I say a question may not be asked or answered, you must not try to guess what the answer would have been. That is against the rules, too.

Side Bar Conferences: **Sometimes I will need to speak to the attorneys about legal elements of the case that are not appropriate for the jury to hear. The attorneys and I will try to have as few of these conferences as possible while you are giving us your valuable time in the courtroom. But, if we do have to have such a conference during testimony, we will try to hold the conference at the side of my desk so that we do not have to take a break and ask you to leave the courtroom.**

Recesses: **Breaks in an ongoing trial are usually called "recesses." During a recess you still have your duties as a juror and must follow the rules, even while having coffee, at lunch, or at home.**

Instructions Before Closing Arguments: **After all the evidence has been presented to you, I will instruct you in the law that you must follow. It is important that you remember these instructions to assist you in evaluating the final attorney presentations, which come next, and, later, during your deliberations, to help you correctly sort through the evidence to reach your decision.**

Closing Arguments: **The attorneys will then have the opportunity to make their final presentations to you, which are called closing arguments.**

Final Instructions: **After you have heard the closing arguments, I will instruct you further in the law as well as explain to you the procedures you must follow to decide the case.**

Deliberations: **After you hear the final jury instructions, you will go to the jury room and discuss and decide the questions I have put on your verdict form. [You will have a copy of the jury instructions to use during your discussions.] The discussions you have and the decisions you make are usually called "jury deliberations." Your deliberations are absolutely private and neither I nor anyone else will be with you in the jury room.**

Verdict: **When you have finished answering the questions, you will give the verdict form to the bailiff, and we will all return to the courtroom where your verdict will be read. When that is completed, you will be released from your assignment as a juror.**

*What are the rules?*

**Finally, before we begin the trial, I want to give you just a brief explanation of rules you must follow as the case proceeds.**

Keeping an Open Mind: **You must pay close attention to the testimony and other evidence as it comes into the trial. However, you must avoid forming any final opinion or telling anyone else your views on the case until you begin your deliberations. This rule requires you to keep an open mind until you have heard all of the evidence and is designed to prevent you from influencing how your fellow jurors think until they have heard all of the evidence and had an opportunity to form their own opinions. The time and place for coming to your final opinions and speaking about them with your fellow jurors is during deliberations in the jury room, after all of the evidence has been presented, closing arguments have been made, and I have instructed you on the law. It is important that you hear all of the facts and that you hear the law and how to apply it before you start deciding anything.**

Consider Only the Evidence: **It is the things you hear and see in this courtroom that matter in this trial. The law tells us that a juror can consider only the testimony and other evidence that all the other jurors have also heard and seen in the presence of the judge and the lawyers. Doing anything else is wrong and is against the law. That means that you must not do any work or investigation of your own about the case. You must not obtain on your own any information about the case or about anyone involved in the case, from any source whatsoever. This includes reading newspapers, watching television or using a computer, cell phone, the Internet, any electronic device, or any other means at all, to get information related to this case or the people and places involved in this case. This applies whether you are in the courthouse, at home, or anywhere else. You must not visit places mentioned in the trial or use the internet to look at maps or pictures to see any place discussed during trial.**

**Do not provide any information about this case to anyone, including friends or family members. Do not let anyone, including the closest family members, make comments to you or ask questions about the trial. Jurors must not have discussions of any sort with friends or family members about**

the case or the people and places involved. So, do not let even the closest **family members make comments to you or ask questions about the trial. In this age of electronic communication, I want to stress again that just as you must not talk about this case face-to-face, you must not talk about this case by using an electronic device. You must not use phones, <u>tablets,</u> computers or other electronic devices to communicate. Do not send or accept any messages related to this case or your jury service. Do not discuss this case or ask for advice by any means at all, including posting information on an Internet website, chat room or blog.**

No Mid-Trial Discussions: **When we are in a recess, do not discuss anything about the trial or the case with each other or with anyone else. If attorneys approach you, don't speak with them. The law says they are to avoid contact with you. If an attorney will not look at you or speak to you, do not be offended or form a conclusion about that behavior. The attorney is not supposed to interact with jurors outside of the courtroom and is only following the rules. The attorney is not being impolite. If an attorney or anyone else does try to speak with you or says something about the case in your presence, please inform the bailiff immediately.**

Only the Jury Decides: **Only you get to deliberate and answer the verdict questions at the end of the trial. I will not intrude into your deliberations at all. I am required to be neutral. You should not assume that I prefer one decision over another. You should not try to guess what my opinion is about any part of the case. It would be wrong for you to conclude that anything I say or do means that I am for one side or another in the trial. Discussing and deciding the facts is your job alone.**

<u>Use of Cell Phones and Electronic Devices in the Courtroom and Jury Room:</u>**\***

> *<u>\*The trial judge should select one of the following two alternative instructions explaining the rules governing jurors' use of electronic devices, as explained in Note on Use 3.</u>*

> *<u>Alternative A:</u>* **[All cell phones or other types of electronic devices must be turned off while you are in the courtroom.  Turned off means that the phone or other electronic device is actually off and not in a silent or vibrating mode.  You may use these devices during recesses, but even then you may not use your phone or electronic device to find out any information about the case or communicate with anyone about the case or the people involved in the case.**

- 17 -

**Do not take photographs, video recordings or audio recordings of the proceedings or your fellow jurors. After each recess, please double check to make sure your device is turned off. At the end of the case, while you are deliberating, you must not communicate with anyone outside the jury room. You cannot have in the jury room any cell phones, computers, or other electronic devices. If there are breaks in the deliberations, I may allow you to communicate with your family or friends, but do not communicate about the case or your deliberations. If someone needs to contact you in an emergency, the court can receive messages and deliver them to you without delay. The court's phone number will be provided to you.]**

*Alternative B:* **[You cannot have any cell phones, computers, or other electronic devices in the courtroom. You may use these devices during recesses, but even then you may not use your phone or electronic device to find out any information about the case or communicate with anyone about the case or the people involved in the case. Do not take photographs, video recordings or audio recordings of the proceedings or your fellow jurors. At the end of the case, while you are deliberating, you must not communicate with anyone outside the jury room. If there are breaks in the deliberations, I may allow you to communicate with your family or friends, but do not communicate about the case or your deliberations. If someone needs to contact you in an emergency, the court can receive messages and deliver them to you without delay. The court's phone number will be provided to you.]**


NOTES ON USE FOR 202.2

1.      This instruction is intended for situations in which at the end of the case the jury is going to be instructed before closing argument. The committee strongly recommends instructing the jury before closing argument. If, however, the

court is going to instruct the jury after closing argument, this instruction will have to be amended.

2.      The publication of this recommended instruction is not intended to intrude upon the trial judge's own style and manner of delivery. It may be useful in cataloging the subjects to be covered in an introductory instruction.

3.      Florida Rule of Judicial Administration 2.451 directs trial judges to instruct jurors on the use of cell phones and other electronic devices. During the trial, the trial judge may remove the jurors' cell phones or other electronic devices.

The trial judge also has the option to allow the jurors to keep the cell phones and electronic devices during trial until the jurors begin deliberations.  Rule 2.451 prohibits jurors from using the cell phones or electronic devices to find out information about the case or to communicate with others about the case.  The jurors also cannot use the electronic devices to record, photograph, or videotape the proceedings.  In recognition of the discretion rule 2.451 gives trial judges, this instruction provides two alternatives.  The trial judge should give the jurors one of the following alternative instructions:  (A) requiring jurors to turn off electronic devices during court proceedings and removing their phones and electronic devices during deliberations; or (B) removing the cell phones and electronic devices during all proceedings and deliberations.  These instructions may be modified to fit the practices of a trial judge in a particular courtroom.  These instructions are not intended to limit the discretion of the trial court to control the proceedings.

4.     The portion of this instruction dealing with communication with others and outside research may ~~need to~~ be modified to include other specified means of communication or research as technology develops.

## 301.10  INSTRUCTION BEFORE RECESS

**We are about to take [our first] [a] recess. Remember that all of the rules I have given you apply even when you are outside the courtroom, such as at recess.**

**Remember the basic rule:  Do not talk to anyone, including your fellow jurors, friends, family or co-workers about anything having to do with this trial, except to speak to court staff.  This means no e-mailing, text messaging, tweeting, blogging, or any other form of communication.  You cannot do any research about the case or look up any information about the case.  Remember to observe during our recess the other rules I gave you. If you become aware of any violation of any of these rules at all, notify court personnel of the violation.**

**After each recess, please double check to make sure [that your cell phone or other electronic device is turned off completely] [that you do not bring your cell phone or other electronic device into the courtroom or jury room].**

NOTE<u>S</u> ON USE FOR 301.10

~~No standard instruction is provided. The jury should be given an appropriate reminder in advance of any recess.~~

<u>1.	This instruction should be given before the first recess.  Before later recesses, the court has the discretion to give an abbreviated version of this instruction.</u>

<u>2.	The publication of this recommended instruction is not intended to intrude upon the trial judge's own style and manner of delivery.  Instead, this instruction is intended to remind jurors throughout the proceedings of the importance of the rules limiting their use of cell phones and other electronic devices.</u>

## SECTION 700—CLOSING INSTRUCTIONS

**Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict and the closing arguments of the attorneys. You will shortly retire to the jury room to decide this case. [Before you do so, I have a few last instructions for you.]**

**During deliberations, jurors must communicate about the case only with one another and only when all jurors are present in the jury room. You will have in the jury room all of the evidence that was received during the trial. In reaching your decision, do not do any research on your own or as a group. Do not use dictionaries, the Internet, or any other reference materials. Do not investigate the case or conduct any experiments. Do not visit or view the scene of any event involved in this case or look at maps or pictures on the Internet. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial.**

**You are not to communicate with any person outside the jury about this case. Until you have reached a verdict, you must not talk about this case in person or through the telephone, writing, or electronic communication, such as a blog, twitter, e-mail, text message, or any other means. Do not contact**

anyone to assist you, such as a family accountant, doctor, or lawyer. These communications rules apply until I discharge you at the end of the case.

If you become aware of any violation of these instructions or any other instruction I have given in this case, you must tell me by giving a note to the bailiff.

Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding or conclusive. Your notes are not a substitute for your own memory or that of other jurors. Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial.

At the conclusion of the trial, the bailiff will collect all of your notes and immediately destroy them. No one will ever read your notes.

In reaching your verdict, do not let bias, sympathy, prejudice, public opinion, or any other sentiment for or against any party to influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.

Reaching a verdict is exclusively your job. I cannot participate in that decision in any way and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.

Pay careful attention to all the instructions that I gave you, for that is the law that you must follow. You will have a copy of my instructions with you when you go to the jury room to deliberate. All the instructions are important, and you must consider all of them together. There are no other laws that apply to this case, and even if you do not agree with these laws, you must use them in reaching your decision in this case.

When you go to the jury room, the first thing you should do is choose a presiding juror to act as a foreperson during your deliberations. The foreperson should see to it that your discussions are orderly and that everyone has a fair chance to be heard.

It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.

[**I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next. I will now read the form to you:** (read form of verdict)]

[**You will be given** (state number) **forms of verdict, which I shall now read to you:** (read form of verdict(s)) ]

[**If you find for** (claimant(s)), **your verdict will be in the following form:** (read form of verdict) ]

[**If you find for** (defendant(s)), **your verdict will be in the following form:** (read form of verdict) ]

**Your verdict[s] must be unanimous, that is, your verdict must be agreed to by each of you. When you have [agreed on your verdict[s]] [finished filling out the form[s]], your foreperson must write the date and sign it at the bottom and return the verdict[s] to the bailiff.**

**If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split or the reason for the communication.**

**You may now retire to decide your verdict[s].**

NOTES ON USE FOR 700

1.      When final instructions are read to the jury before the attorney's closing arguments, this instruction should not be given at that time. It should be given following closing arguments, just before the jury retires to deliberate. If,

- 22 -

however, the entire instruction is given after final arguments, omit the bracketed sentence in the first paragraph.

2.      Florida Rule of Judicial Administration 2.451 governs jurors' use of electronic devices.  Rule 2.451(b)(1) requires the trial court to remove cell phones and other electronic devices from jurors during their deliberations.  This instruction may need to be modified to reflect the practices of a particular trial court when removing jurors' cell phones.  The portion of this instruction dealing with communication with others and outside research may need to be modified to include other specific means of communication or research as technology develops.

3.      Florida Rule of Judicial Administration 2.430(k) provides that at the conclusion of the trial, the court shall collect and immediately destroy all juror notes.

4.      *Quotient verdict.* The committee recommends that no instruction generally be given to admonish the jury against returning a "quotient verdict."

5.      When it is impracticable to take all of the evidence into the jury room, this instruction should be modified accordingly.

**Standard Jury Instructions for Criminal Cases**

**QUALIFICATIONS INSTRUCTION**

**Many of you have electronic devices such as cell phones, smartphones, tablets, and laptopscomputers, and other electronic devices.  Even though you have not yet been selected as a juror, there are some strict rules that you must follow about using your cell phones, electronic devices and computers.**

**When you are called to a courtroom, the judge will give you specific instructions on the use of electronic devices.  These rules are so important that the judge may tell you that you must turn off your cell phone or other electronic devices completely or that you cannot have your cell phone or electronic devices in the courtroom.  If someone needs to contact you in case of an emergency, the judge will provide you with a phone number where you can receive messages.**

**If the trial judge allows you to keep your cell phones, computers, or other electronic devices, you cannot use them to take photographs, video**

**recordings, or audio recordings of the proceedings in the courtroom or your fellow jurors.  You must not use** ~~any device~~**them to search the Internet or to find out anything related to any cases in the courthouse.**

**Why is this restriction imposed?  This restriction is imposed because jurors must decide the case without distraction and only on the evidence presented in the courtroom.  I know that, for some of you, these restrictions affect your normal daily activities and may require a change in the way you are used to communicating and perhaps even in the way you are used to learning.**

**If you investigate, research, or make inquiries on your own, the trial judge has no way to make sure that the information you obtain is proper for the case.  The parties likewise have no opportunity to dispute or challenge the accuracy of what you find.  Any independent investigation by a juror unfairly and improperly prevents the parties from having that opportunity our judicial system promises.**

Between now and when you have been discharged from jury duty by the judge, you must not ~~provide or receive~~discuss any information about your jury service ~~to~~with anyone, including friends, co-workers, and family members. You may tell those who need to know where you are that you have been called for jury duty. If you are picked for a jury, you may tell people that you have been picked for a jury and how long the case may take. However, you must not give anyone any information about the case itself or the people involved in the case. You must also warn people not to try to say anything to you or write to you about your jury service or the case. This includes face-to-face, phone or computer communications.

~~In this age of electronic communication,~~ I want to stress that you must not use electronic devices or computers to talk about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all.  Do not send or accept any messages, including e-mail and text messages, about your jury service. You must not disclose your thoughts about your jury service or ask for advice on how to decide any case.

~~After you are called to the courtroom, the judge will give you specific instructions about these matters.  A~~The judge will tell you when you are released from this instruction.  **Remember, these rules are designed to guarantee a fair trial.  It is important that you understand the rules as well as**

**the impact on our system of justice if you fail to follow them. If it is determined that any one of you has violated this rule, and conducted any type of independent research or investigation, it may result in a mistrial. A mistrial would require the case to be tried again at great expense to the parties and the judicial system. If you violate these rules, you may be held in contempt of court, and face sanctions, such as serving time in jail, paying a fine or both.** All of us are depending on you to follow these rules, so that there will be a fair and lawful resolution of every case.

NOTE<u>S</u> ON USE

This instruction should be given in addition to and at the conclusion of the instructions normally given to the prospective jurors. The portion of this instruction dealing with communication with others and outside research may need to be modified to include other specified means of communication or research as technology develops.

This instruction was adopted in 2010 [52 So. 3d 595<u>] and amended in 2014</u>.

## 1.1 INTRODUCTION

<u>*To be given when jurors are in courtroom, prior to voir dire.*</u>
**In order to have a fair and lawful trial, there are rules that all jurors must follow. A basic rule is that jurors must decide the case only on the evidence presented in the courtroom. You must not communicate with anyone, including friends and family members, about this case, the people and places involved, or your jury service. You must not disclose your thoughts about this case or ask for advice on how to decide this case.**
**I want to stress that this rule means you must not use electronic devices or ~~computers~~cell phones to communicate about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all. Do not send or accept any messages to or from anyone about this case or your jury service. <u>In addition, your cell phone or electronic device must be turned completely off while you are in the courtroom.</u>**
**You must not do any research or look up words, names, [maps], or anything else that may have anything to do with this case. This includes reading newspapers, watching television or using a computer, cell phone, the Internet, any electronic device, or any other means at all, to get information**

- 25 -

related to this case or the people and places involved in this case. This applies whether you are in the courthouse, at home, or anywhere else.

All of us are depending on you to follow these rules, so that there will be a fair and lawful resolution to this case. Unlike questions that you may be allowed to ask in court, which will be answered in court in the presence of the judge and the parties, if you investigate, research or make inquiries on your own outside of the courtroom, the trial judge has no way to assure they are proper and relevant to the case. The parties likewise have no opportunity to dispute the accuracy of what you find or to provide rebuttal evidence to it. That is contrary to our judicial system, which assures every party the right to ask questions about and rebut the evidence being considered against it and to present argument with respect to that evidence. Non-court inquiries and investigations unfairly and improperly prevent the parties from having that opportunity our judicial system promises. <u>Any juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. A mistrial is a tremendous expense and inconvenience to the parties, the court, and the taxpayers. If you violate these rules, you may be held in contempt of court, and face sanctions, such as serving time in jail, paying a fine or both.</u> If you become aware of any violation of these instructions or any other instruction I give in this case, you must tell me by giving a note to the [<u>court deputy</u>] [<u>bailiff</u>].

**Comment<u>s</u>**

*~~The portion of this instruction dealing with communication with others and outside research may need to be modified to include other specified means of communication or research as technology develops.~~*

<u>The portion of this instruction dealing with communication with others and outside research may need to be modified to include other specified means of communication or research as technology develops.</u>

This instruction was adopted in 2010 <u>[52 So. 3d 595] and amended in 2014</u>.


## 2.1 PRELIMINARY INSTRUCTIONS

**Ladies and gentlemen of the jury:**

**You have been selected and sworn as the jury to try the case of State of Florida v.** (defendant)**.**

**This is a criminal case.** (Defendant) **is charged with** (crime charged). **The definition of the elements of** (crime charged) **will be explained to you later.**

**It is your solemn responsibility to determine if the State has proved its accusation beyond a reasonable doubt against** (defendant)**. Your verdict must be based solely on the evidence, or lack of evidence, and the law.**

**The [information] [indictment] is not evidence and is not to be considered by you as any proof of guilt.**

**It is the judge's responsibility to decide which laws apply to this case and to explain those laws to you. It is your responsibility to decide what the facts of this case may be, and to apply the law to those facts. Thus, the province of the jury and the province of the court are well defined, and they do not overlap. This is one of the fundamental principles of our system of justice.**

**Before proceeding further, it will be helpful if you understand how a trial is conducted.**

**At the beginning of the trial, the attorneys will have an opportunity, if they wish, to make an opening statement. The opening statement gives the attorneys a chance to tell you what evidence they believe will be presented during the trial. What the lawyers say is not evidence, and you are not to consider it as such.**

**Following the opening statements, witnesses will be called to testify under oath. They will be examined and cross-examined by the attorneys. Documents and other exhibits also may be produced as evidence.**

**After the evidence has been presented, the attorneys will have the opportunity to make their final argument.**

**Following the arguments by the attorneys, the court will instruct you on the law applicable to the case.**

**After the instructions are given [the alternate juror will be released and] you will then retire to consider your verdict.**

**You should not form any definite or fixed opinion on the merits of the case until you have heard all the evidence, the argument of the lawyers and**

the instructions on the law by the judge. Until that time, you should not discuss the case among yourselves.

**I now instruct you not to communicate with anyone, including your fellow jurors, about this case. No communication includes no e-mailing, text messaging, tweeting, blogging, or any other form of communication. You cannot do any research about the case or look up any information about the case. If you become aware of any violation of any of these rules at all, notify court personnel of the violation.**

During the course of the trial, the court may take recesses, **and**~~during which~~ you will be permitted to separate and go about your personal affairs. **During these recesses you must not discuss the case with anyone nor permit anyone to say anything to you or in your presence about the case. If anyone attempts to say anything to you or in your presence about this case, tell [him] [her] that you are on the jury trying the case and ask [him] [her] to stop. If [he] [she] persists, leave [him] [her] at once and immediately report the matter to the [court deputy] [bailiff], who will advise me.**

*The trial judge should select one of the following two alternative instructions explaining the rules governing jurors' use of electronic devices, as explained in the Comment section.*

*Alternative A:* **All cell phones, computers, tablets or other types of electronic devices must be turned off while you are in the courtroom. Turned off means that the phone or other electronic device is actually off and not in a silent or vibrating mode. You may use these devices during recesses, but even then you may not use your cell phone or electronic device to find out any information about the case or communicate with anyone about the case or the people involved in the case. Do not take photographs, video recordings or audio recordings of the proceedings or of your fellow jurors. After each recess, please double check to make sure your cell phone or electronic device is turned off. At the end of the case, while you are deliberating, you must not communicate with anyone outside the jury room. You cannot have in the jury room any cell phones, computers, or other electronic devices. If someone needs to contact you in an emergency, the court can receive messages and deliver them to you without delay. A contact phone number will be provided to you.**

*Alternative B:* **You cannot have any cell phones, tablets, laptops, or other electronic devices in the courtroom. You may use these devices during recesses, but even then you may not use your cell phone or electronic device to**

**find out any information about the case or communicate with anyone about the case or the people involved in the case. Do not take photographs, video recordings or audio recordings of the proceedings or your fellow jurors. At the end of the case, while you are deliberating, you must not communicate with anyone outside the jury room. If someone needs to contact you in an emergency, the court can receive messages and deliver them to you without delay. A contact phone number will be provided to you.**

~~**During these recesses you will not discuss the case with anyone nor permit anyone to say anything to you or in your presence about the case. If anyone attempts to say anything to you or in your presence about this case, tell [him] [her] that you are on the jury trying the case and ask [him] [her] to stop. If [he] [she] persists, leave [him] [her] at once and immediately report the matter to the bailiff, who will advise me.**~~

**The case must be tried by you only on the evidence presented during the trial in your presence and in the presence of the defendant, the attorneys and the judge. Jurors must not conduct any investigation of their own. This includes reading newspapers, watching television or using a computer, cell phone, the Internet, any electronic device, or any other means at all, to get information related to this case or the people and places involved in this case. This applies whether you are in the courthouse, at home, or anywhere else. You must not visit places mentioned in the trial or use the Internet to look at maps or pictures to see any place discussed during the trial.**

**Jurors must not have discussions of any sort with friends or family members about the case or the people and places involved. So, do not let even the closest family members make comments to you or ask questions about the trial. In this age of electronic communication, I want to stress again that just as you must not talk about this case face-to-face, you must not talk about this case by using an electronic device. You must not use phones, computers or other electronic devices to communicate. Do not send or accept any messages related to this case or your jury service. Do not discuss this case or ask for advice by any means at all, including posting information on an Internet website, chat room or blog.**

**What are the reasons for these rules? These rules are imposed because jurors must decide the case without distraction and only on the evidence presented in the courtroom. If you investigate, research, or make inquiries on your own, the trial judge has no way to make sure that the information you obtain is proper for the case. The parties likewise have no opportunity to**

**dispute or challenge the accuracy of what you find. That is contrary to our judicial system, which assures every party the right to ask questions about and challenge the evidence being considered against it and to present argument with respect to that evidence. Any independent investigation by a juror unfairly and improperly prevents the parties from having that opportunity our judicial system promises.**

**Any juror who violates these restrictions jeopardizes the fairness of these proceedings and a mistrial could result that would require the entire trial process to start over. A mistrial is a tremendous expense and inconvenience to the parties, the court, and the taxpayers. If you violate these rules, you may be held in contempt of court, and face sanctions, such as serving time in jail, paying a fine or both.**

*Give if defendant requests.*
**In every criminal proceeding a defendant has the absolute right to remain silent. At no time is it the duty of a defendant to prove [his] [her] innocence. From the exercise of a defendant's right to remain silent, a jury is not permitted to draw any inference of guilt, and the fact that a defendant did not take the witness stand must not influence your verdict in any manner whatsoever.**

**The attorneys are trained in the rules of evidence and trial procedure, and it is their duty to make all objections they feel are proper. When an objection is made you should not speculate on the reason why it is made; likewise, when an objection is sustained, or upheld, by me, you must not speculate on what might have occurred had the objection not been sustained, nor what a witness might have said had [he] [she] been permitted to answer.**

**During the trial, it may be necessary to confer with the attorneys out of your hearing to discuss matters of law and other matters that require consideration by me alone. It is impossible to predict when such a conference may be required or how long it will last. When such conferences occur, they will be conducted so as to consume as little of your time as is necessary for a fair and orderly trial of the case.**

### Comments

Florida Rule of Judicial Administration 2.451 directs trial judges to instruct jurors on the use of cell phones and other electronic devices. During the trial, the trial judge may remove the jurors' cell phones or other electronic devices. The trial judge also has the option to allow the jurors to keep the cell phones and

electronic devices during trial until the jurors begin deliberations. Rule 2.451 prohibits jurors from using the cell phones or electronic devices to find out information about the case or to communicate with others about the case. The jurors also cannot use the electronic devices to record, photograph, or videotape the proceedings. In recognition of the discretion rule 2.451 gives trial judges, this instruction provides two alternatives: (A) requiring jurors to turn off electronic devices during court proceedings and removing their cell phones and electronic devices during deliberations; or (B) removing the cell phones and electronic devices during all proceedings and deliberations. These instructions may be modified to fit the practices of a trial judge in a particular courtroom. These instructions are not intended to limit the discretion of the trial court to control the proceedings.

The portion of this instruction dealing with communication with others and outside research may need to be modified to include other specified means of communication or research as technology develops.

This instruction was adopted in 1981 and amended in 2010 [52 So. 3d 595] and 2014.

## 3.13 SUBMITTING CASE TO JURY

**In just a few moments you will be taken to the jury room by the [court deputy] [bailiff]. The first thing you should do is choose a foreperson who will preside over your deliberations. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. It is also the foreperson's job to sign and date the verdict form when all of you have agreed on a verdict and to bring the verdict form back to the courtroom when you return.**

**During deliberations, jurors must communicate about the case only with one another and only when all jurors are present in the jury room. You are not to communicate with any person outside the jury about this case. Until you have reached a verdict, you must not talk about this case in person or through the telephone, writing, or electronic communication, such as a blog, twitter, e-mail, text message, or any other means.**

*Give if judge has allowed jurors to keep their electronic devices during the trial.*
**Many of you may have cell phones, tablets, laptops, or other electronic devices here in the courtroom. The rules do not allow you to bring your**

**phones or any of those types of electronic devices into the jury room. Kindly leave those devices on your seats where they will be guarded by the [court deputy] [bailiff] while you deliberate.**

Do not contact anyone to assist you during deliberations. These communications rules apply until I discharge you at the end of the case. If you become aware of any violation of these instructions or any other instruction I have given in this case, you must tell me by giving a note to the [court deputy] [bailiff].

If you need to communicate with me, send a note through the [court deputy] [bailiff], signed by the foreperson. If you have questions, I will talk with the attorneys before I answer, so it may take some time. You may continue your deliberations while you wait for my answer. I will answer any questions, if I can, in writing or orally here in open court.

~~Your verdict finding the defendant either guilty or not guilty must be unanimous. The verdict must be the verdict of each juror, as well as of the jury as a whole.~~

*Give if applicable.*
During the trial, [an item] [items] [was] [were] received into evidence as [an] exhibit[s]. You may examine whatever exhibit[s] you think will help you in your deliberations.

*Give a or b as appropriate.*
a. [The[se] exhibit[s] will be sent into the jury room with you when you begin to deliberate.]

b. [If you wish to see an[y] exhibit[s], please request that in writing.]

In closing, let me remind you that it is important that you follow the law spelled out in these instructions in deciding your verdict. There are no other laws that apply to this case. Even if you do not like the laws that must be applied, you must use them. For two centuries we have lived by the constitution and the law. No juror has the right to violate rules we all share.

## Comment

This instruction was adopted in 1981 and was amended in 2000 [777 So. 2d 366], 2003 [850 So. 2d 1272], 2010 [52 So. 3d 595], ~~and~~ 2012 [141 So. 3d 132], and 2014.

**INVOLUNTARY CIVIL COMMITMENT OF SEXUALLY VIOLENT PREDATORS**

**§§ 394.910–394.930, Fla. Stat.**

**QUALIFICATIONS INSTRUCTION**

**Many of you have <u>electronic devices such as</u> cell phones, <u>smartphones, tablets, and laptops</u>~~computers, and other electronic devices~~. Even though you have not yet been selected as a juror, there are some strict rules that you must follow about using ~~your cell phones,~~ electronic devices ~~and computers~~.**

**<u>When you are called to a courtroom, the judge will give you specific instructions on the use of electronic devices. These rules are so important that the judge may tell you that you must turn off your cell phone or other electronic devices completely or that you cannot have your cell phone or electronic devices in the courtroom. If someone needs to contact you in case of an emergency, the judge will provide you with a phone number where you can receive messages.</u>**

**<u>If the trial judge allows you to keep your cell phones, computers, or other electronic devices, you cannot use them to take photographs, video recordings, or audio recordings of the proceedings in the courtroom or your fellow jurors.</u> You must not use ~~any device~~<u>them</u> to search the Internet or to find out anything related to any cases in the courthouse.**

**<u>Why is this restriction imposed? This restriction is imposed because jurors must decide the case without distraction and only on the evidence presented in the courtroom. I know that, for some of you, these restrictions affect your normal daily activities and may require a change in the way you are used to communicating and perhaps even in the way you are used to learning.</u>**

**<u>If you investigate, research, or make inquiries on your own, the trial judge has no way to make sure that the information you obtain is proper for the case. The parties likewise have no opportunity to dispute or challenge the accuracy of what you find. Any independent investigation by a juror unfairly and improperly prevents the parties from having that opportunity our judicial system promises.</u>**

**Between now and when you have been discharged from jury duty by the judge, you must not ~~provide or receive~~<u>discuss</u> any information about your jury service ~~to~~<u>with</u> anyone, including friends, co-workers, and family members. You may tell those who need to know where you are that you have been called for jury duty. If you are picked for a jury, you may tell people that you have been picked for a jury and how long the case may take. However, you must not give anyone any information about the case itself or the people involved in the case. You must also warn people not to try to say anything to you or write to you about your jury service or the case. This includes face-to-face, phone or computer communications.**

**~~In this age of electronic communication,~~ I want to stress that you must not use electronic devices or computers to talk about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all. Do not send or accept any messages, including e-mail and text messages, about your jury service. You must not disclose your thoughts about your jury service or ask for advice on how to decide any case.**

**~~After you are called to the courtroom, the judge will give you specific instructions about these matters.  A~~<u>The</u> judge will tell you when you are released from this instruction.  <u>Remember, these rules are designed to guarantee a fair trial. It is important that you understand the rules as well as the impact on our system of justice if you fail to follow them. If it is determined that any one of you has violated this rule, and conducted any type of independent research or investigation, it may result in a mistrial. A mistrial would require the case to be tried again at great expense to the parties and the judicial system. If you violate these rules, you may be held in contempt of court, and face sanctions, such as serving time in jail, paying a fine or both.</u> All of us are depending on you to follow these rules, so that there will be a fair and lawful resolution of every case.**

NOTE<u>S</u> ON USE

This instruction should be given in addition to and at the conclusion of the instructions normally given to the prospective jurors.  The portion of this instruction dealing with communication with others and outside research may need to be modified to include other specified means of communication or research as technology develops.

This instruction was adopted in 2012 <u>[95 So. 3d 868] and amended in 2014</u>.

# 1.001 INTRODUCTION

*To be given when jurors are in courtroom, prior to voir dire.*

In order to have a fair and lawful trial, there are rules that all jurors must follow. A basic rule is that jurors must decide the case only on the evidence presented in the courtroom. You must not communicate with anyone, including friends and family members, about this case, the people and places involved, or your jury service. You must not disclose your thoughts about this case or ask for advice on how to decide this case.

I want to stress that this rule means you must not use electronic devices or ~~computers~~cell phones to communicate about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all.  Do not send or accept any messages to or from anyone about this case or your jury service. In addition, your cell phone or electronic device must be turned completely off while you are in the courtroom.

You must not do any research or look up words, names, [maps], or anything else that may have anything to do with this case.  This includes reading newspapers, watching television or using a computer, cell phone, the Internet, any electronic device, or any other means at all, to get information related to this case or the people and places involved in this case. This applies whether you are in the courthouse, at home, or anywhere else.

All of us are depending on you to follow these rules, so that there will be a fair and lawful resolution to this case. Unlike questions that you may be allowed to ask in court, which will be answered in court in the presence of the judge and the parties, if you investigate, research or make inquiries on your own outside of the courtroom, the trial judge has no way to assure they are proper and relevant to the case. The parties likewise have no opportunity to dispute the accuracy of what you find or to provide rebuttal evidence to it. That is contrary to our judicial system, which assures every party the right to ask questions about and rebut the evidence being considered against it and to present argument with respect to that evidence. Non-court inquiries and investigations unfairly and improperly prevent the parties from having that opportunity our judicial system promises. If you become aware of any violation of these instructions or any other instruction I give in this case, you must tell me by giving a note to the [court deputy] [bailiff].

## Comments

*The portion of this instruction dealing with communication with others and outside research may need to be modified to include other specified means of communication or research as technology develops.*

The portion of this instruction dealing with communication with others and outside research may need to be modified to include other specified means of communication or research as technology develops.

This instruction was adopted in 2012 [95 So. 3d 868] and amended in 2014.

## 1.01 PRELIMINARY INSTRUCTION

*Responsibility of jury and judge.*

**You have now been sworn as the jury to try this case. This is a civil case filed by the petitioner, the State of Florida, against the respondent** (respondent's name)**. The State alleges the respondent is a sexually violent predator and should be confined in a secure facility for long-term control, care, and treatment. By your verdict, you will decide the disputed issues of fact. I will decide the questions of law that arise during the trial, and before you retire to deliberate at the close of the trial, I will instruct you on the law that you are to follow and apply in reaching your verdict. In other words, it is your responsibility to determine the facts and to apply the law to those facts. Thus, the function of the jury and the function of the judge are well defined, and they do not overlap. This is one of the fundamental principles of our system of justice.**

*Steps in trial.*

**Before proceeding further, it will be helpful for you to understand how a trial is conducted. In a few moments, the attorneys for the parties will have an opportunity to make opening statements, in which they may explain to you the issues in the case and summarize the facts that they expect the evidence will show. Following the opening statements, witnesses will be called to testify under oath. They will be examined and cross-examined by the attorneys. Documents and other exhibits also may be received as evidence.**

**After all the evidence has been received, the attorneys will again have an opportunity to address you to make their final arguments. The statements that the attorneys now make and the arguments that they later make are not**

to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you properly understand the issues, the evidence, and the applicable law, so you should give them your close attention.

Following the final arguments by the attorneys, I will instruct you on the law.

*Things to be avoided.*
You should give careful attention to the testimony and other evidence as it is received and presented for your consideration, but you should not form or express any opinion about the case until you have received all the evidence, the arguments of the attorneys, and the instructions on the law from me. In other words, you should not form or express any opinion about the case until you are retired to the jury room to consider your verdict, after having heard all of these matters.

**I now instruct you not to communicate with anyone, including your fellow jurors, about this case. No communication includes no e-mailing, text messaging, tweeting, blogging, or any other form of communication. You cannot do any research about the case or look up any information about the case. If you become aware of any violation of any of these rules at all, notify court personnel of the violation.**

**During the course of the trial, the court may take recesses, and you will be permitted to separate and go about your personal affairs. During these recesses you must not discuss the case with anyone nor permit anyone to say anything to you or in your presence about the case. If anyone attempts to say anything to you or in your presence about this case, tell [him] [her] that you are on the jury trying the case and ask [him] [her] to stop. If [he] [she] persists, leave [him] [her] at once and immediately report the matter to the [court deputy] [bailiff], who will advise me.**

*The trial judge should select one of the following two alternative instructions explaining the rules governing jurors' use of electronic devices, as explained in the Comment section.*
*Alternative A*: **All cell phones, computers, tablets or other types of electronic devices must be turned off while you are in the courtroom. Turned off means that the phone or other electronic device is actually off and not in a silent or vibrating mode. You may use these devices during recesses, but even then you may not use your cell phone or electronic device to find out any**

**information about the case or communicate with anyone about the case or the people involved in the case. Do not take photographs, video recordings or audio recordings of the proceedings or of your fellow jurors. After each recess, please double check to make sure your cell phone or electronic device is turned off. At the end of the case, while you are deliberating, you must not communicate with anyone outside the jury room. You cannot have in the jury room any cell phones, computers, or other electronic devices. If someone needs to contact you in an emergency, the court can receive messages and deliver them to you without delay. A contact phone number will be provided to you.**

_Alternative B:_ **You cannot have any cell phones, tablets, laptops, or other electronic devices in the courtroom. You may use these devices during recesses, but even then you may not use your cell phone or electronic device to find out any information about the case or communicate with anyone about the case or the people involved in the case. Do not take photographs, video recordings or audio recordings of the proceedings or your fellow jurors. At the end of the case, while you are deliberating, you must not communicate with anyone outside the jury room. If someone needs to contact you in an emergency, the court can receive messages and deliver them to you without delay. A contact phone number will be provided to you.**

You must decide this case only on the evidence presented during the trial in your presence, and in the presence of the respondent, the attorneys, and myself. You must not conduct any investigation of your own. This includes reading newspapers, watching television, listening to the radio, or using a computer, cell phone, the Internet, any electronic device, or any other means at all, to get information related to this case or the people and places involved in this case. This applies whether you are in the courthouse, at home, or anywhere else. Accordingly, you must not visit any of the places described in the evidence, or the scene of the occurrence that is the subject of the trial, or use the Internet to look at maps or pictures to see any place discussed during the trial, unless I direct you to view the scene.

Jurors must not have discussions of any sort with friends or family members about the case or the people and places involved. So, do not let even the closest family members make comments to you or ask questions about the trial. In this age of electronic communication, I want to stress again that just as you must not talk about this case face-to-face, you must not talk about this case by using an electronic device. You must not use phones, computers or other electronic devices to communicate. Do not send or accept any messages

related to this case or your jury service.  Do not discuss this case or ask for advice by any means at all, including posting information on an Internet website, chat room or blog.

**What are the reasons for these rules? These rules are imposed because jurors must decide the case without distraction and only on the evidence presented in the courtroom. If you investigate, research, or make inquiries on your own, the trial judge has no way to make sure that the information you obtain is proper for the case. The parties likewise have no opportunity to dispute or challenge the accuracy of what you find. That is contrary to our judicial system, which assures every party the right to ask questions about and challenge the evidence being considered against it and to present argument with respect to that evidence. Any independent investigation by a juror unfairly and improperly prevents the parties from having that opportunity our judicial system promises.**

**Any juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. A mistrial is a tremendous expense and inconvenience to the parties, the court, and the taxpayers.  If you violate these rules, you may be held in contempt of court, and face sanctions, such as serving time in jail, paying a fine or both.**

*Objections.*
**The attorneys are trained in the rules of evidence and trial procedure, and it is their duty to make all objections they feel are proper. When a lawyer makes an objection, the objection will either be overruled or sustained. If an objection is overruled, the witness will answer the question. If an objection is sustained or upheld, the witness cannot answer the question. If an objection is sustained, you must not speculate on what might have happened, or what the witness might have said, had the witness been permitted to answer the question. You should not draw any inference from the question itself.**

*The judge's conferences with attorneys.*
**During the trial, it may be necessary to confer with the attorneys out of your hearing to discuss matters of law and other matters that require consideration by me alone. It is impossible to predict when such a conference may be required or how long it will last. When such conferences occur, they will be conducted so as to consume as little of your time as is necessary for a fair and orderly trial of the case.**

*Recesses.*

~~During the trial we will take recesses. During these recesses you shall not discuss the case among yourselves or with anyone else, nor permit anyone to say anything to you or in your presence about the case. Further, you must not talk with the attorneys, the witnesses, or any of the parties about anything, until your deliberations are finished. In this way, any appearance of something improper can be avoided.~~

~~If during a recess you see one of the attorneys and he or she does not speak to you, or even seem to pay attention to you, please understand that the attorney is not being discourteous but is only avoiding the appearance of some improper contact with you. If anyone tries to say something to you or in your presence about this case, tell that person that you are on the jury trying this case, and ask that person to stop. If he or she keeps on, leave at once and immediately report this to the bailiff or court deputy, who will advise me.~~

**At this time, the attorneys for the parties will have an opportunity to make their opening statements, in which they may explain to you the issues in the case and give you a summary of the facts they expect the evidence will show.**

## Comments

This instruction is based upon Florida Standard Jury Instruction (Civil) 1.1 and Kansas jury instructions regarding the civil commitment of sexually violent predators.

Florida Rule of Judicial Administration 2.451 directs trial judges to instruct jurors on the use of cell phones and other electronic devices. During the trial, the trial judge may remove the jurors' cell phones or other electronic devices. The trial judge also has the option to allow the jurors to keep the cell phones and electronic devices during trial until the jurors begin deliberations. Rule 2.451 prohibits jurors from using the cell phones or electronic devices to find out information about the case or to communicate with others about the case. The jurors also cannot use the electronic devices to record, photograph, or videotape the proceedings. In recognition of the discretion rule 2.451 gives trial judges, this instruction provides two alternatives: (A) requiring jurors to turn off electronic devices during court proceedings and removing their cell phones and electronic devices during deliberations; or (B) removing the cell phones and electronic devices during all proceedings and deliberations. These instructions may be

modified to fit the practices of a trial judge in a particular courtroom. These instructions are not intended to limit the discretion of the trial court to control the proceedings.

The portion of this instruction dealing with communication with others and outside research may need to be modified to include other specified means of communication or research as technology develops.

This instruction was adopted in 2000 [777 So. 2d 366] and amended in 2012 [95 So. 3d 868] and 2014.

## 2.08 VERDICT AND SUBMITTING CASE TO JURY

**In just a few moments you will be taken to the jury room by the [court deputy] [bailiff]. The first thing you should do is** ~~elect~~**choose a foreperson who will preside over your deliberations.** ~~The foreperson presides over your deliberations, like the chair person of a meeting.~~ **The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. It is also the foreperson's job to sign and date the verdict form when all of you have agreed on a verdict and to bring the verdict form back to the courtroom when you return.** ~~in this case. The foreperson will bring the verdict back to the courtroom when you return.~~

**During deliberations, jurors must communicate about the case only with one another and only when all jurors are present in the jury room. You are not to communicate with any person outside the jury about this case. Until you have reached a verdict, you must not talk about this case in person or through the telephone, writing, or electronic communication, such as a blog, twitter, e-mail, text message, or any other means. Do not contact anyone to assist you during deliberations. These communications rules apply until I discharge you at the end of the case. If you become aware of any violation of these instructions or any other instruction I have given in this case, you must tell me by giving a note to the [court deputy] [bailiff].**

*Give if judge has allowed jurors to keep their electronic devices during the trial.*

**Many of you may have cell phones, tablets, laptops, or other electronic devices here in the courtroom. The rules do not allow you to bring your phones or any of those types of electronic devices into the jury room. Kindly leave those devices on your seats where they will be guarded by the [court**

**deputy] [bailiff] while you deliberate.**

**If you need to communicate with me, send a note through the [court deputy] [bailiff], signed by the foreperson. If you have questions, I will talk with the attorneys before I answer, so it may take some time. You may continue your deliberations while you wait for my answer. I will answer any questions, if I can, in writing or orally here in open court.**

*Give if applicable.*
**During the trial, [an item] [items] [was] [were] received into evidence as [an] exhibit[s]. You may examine whatever exhibit[s] you think will help you in your deliberations.**

*Give a or b as appropriate.*
**a.** **[The[se] exhibit[s] will be sent into the jury room with you when you begin to deliberate.]**

**b.** **[If you wish to see an[y] exhibit[s], please request that in writing.]**

**Before the respondent may be confined to a secure facility as a sexually violent predator, your verdict must be unanimous; that is, all of you must agree to the same verdict. The verdict must be the verdict of each juror as well as the jury as a whole.**

**If the verdict is not unanimous but a majority of the jury determines that the respondent is a sexually violent predator, the case may be retried before another jury.**

**If three or more jurors determine that the respondent is not proven to be a sexually violent predator [he] [she] will not be confined to a secure facility as a sexually violent predator and the case will not be retried before another jury.**

**The verdict must be in writing and for your convenience the necessary verdict form has been prepared for you.** *(Read and explain verdict form.)*

**In closing, let me remind you that it is important that you follow the law spelled out in these instructions in deciding your verdict. There are no other laws that apply to this case. Even if you do not like the laws that must be applied, you must use them. For two centuries we have lived by the constitution and the law. No juror has the right to violate rules we all share.**

**Comments**

Based upon § 394.917, Fla. Stat.; Florida Standard Jury Instruction (Criminal) 2.093.13, Submitting Case to Jury.

This instruction was adopted in 2000 [777 So. 2d 366] and amended in 2012 [95 So. 3d 868] and 2014.